[No. 33844. Department One. July 18, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HERMAN C. SALTER, JR.

HERMAN C. SALTER, JR., *Appellant,* v. LAWRENCE DELMORE, JR., *as Superintendent of the State Penitentiary, Respondent.*[1]

*Maurice Kadish,* for appellant.

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

[1]Reported in 313 P. (2d) 700.

OTT, J.—Herman C. Salter, Jr., was arrested March 28, 1951. April 25th, an information was filed charging him with the crime of robbery, and a warrant of arrest was issued. Upon arraignment, he appeared before the court with his attorney and entered a plea of not guilty. June 8, 1951, the charge in the information was reduced to grand larceny. He again appeared with counsel, was arraigned, and entered a plea of guilty to the reduced charge. He was sentenced on July 20th.

January 10, 1956, he instituted a *habeas corpus* proceeding in this court. The application raised factual issues, and the matter was referred to the superior court to make disposition of the issues raised. At the hearing in the superior court, petitioner appeared in person and with counsel. The court determined the issues and denied the writ. Petitioner has appealed.

In his original application, and now on appeal, the appellant contends that he was deprived of his constitutional rights in two respects: (1) His plea of guilty was not made voluntarily, and (2) he was not convicted of the crime with which he was charged. He further contends that the judgment and sentence on the grand larceny charge was contrary to law.

With reference to (1), that the plea was not voluntarily made, appellant contends that the plea was induced by the coercive tactics of city police officers on March 28 and 29, 1951. On or about April 5th, appellant was moved from the city jail to the county jail. He was in the county jail for approximately two months prior to his arraignment on June 8th. He admits that while there he was not abused or coerced.

Upon his first arraignment, appellant pleaded not guilty. No coercion is indicated by such a plea. Upon the second arraignment several weeks later, the charge was reduced to grand larceny, and, to this reduced charge, he entered a plea of guilty. There is nothing in the record to indicate that the appellant's plea was influenced by coercion which is alleged to have taken place on March 28th and 29th.

The plea of guilty appears to have been prompted by the reduction in the charge.

We find that the record does not support the allegation of coercion.

■ Appellant's contention (2) is that he was not convicted of the crime with which he was charged. He was originally charged with the crime of robbery, committed by forcibly taking property from the person of another. To this offense he pleaded not guilty. The court removed the element of force from the offense when the charge was reduced to grand larceny. The wrongful taking of property from the person of another is grand larceny. RCW 9.54.090. Appellant was not prejudiced by the reduced charge for the reason that larceny is an included offense in the crime of robbery. *State v. Byers*, 136 Wash. 620, 241 Pac. 9 (1925); *State v. Hatch*, 63 Wash. 617, 116 Pac. 286 (1911); *State v. Dengel*, 24 Wash. 49, 63 Pac. 1104 (1901).

Appellant contends that his constitutional rights were violated when he was not given a copy of the amended information prior to his plea. Amendment 10 of Art. I, § 22, state constitution, permits the accused ". . . to demand the nature and cause of the accusation against him, to have a copy thereof, . . ." This constitutional provision is implemented by RCW 10.46.040 [*cf.* Rem. Rev. Stat., § 2092], which provides:

"Every person indicted or informed against for an offense for which he may be imprisoned in the penitentiary, if he be under recognizance or in custody to answer for such offense, he or his attorney shall be furnished with a copy of the indictment or information and of all indorsements thereof without paying any fees therefor."

■ Appellant made no demand for a copy of the amended information, nor does he contend that he was unaware of the nature of the offense to which he pleaded guilty. Both the constitutional provision and the statutory privilege are subject to waiver by the accused. We have held that failure to request a copy prior to a plea constitutes such a waiver. *State v. Newcomb*, 58 Wash. 414, 109 Pac. 355 (1910); *State v. Quinn*, 56 Wash. 295, 105 Pac.

818 (1909); *State v. Dilley*, 44 Wash. 207, 87 Pac. 133 (1906).

We find no merit in appellant's contention that his constitutional or statutory rights were violated in this regard.

■ Appellant next contends that the property was not taken from the person of the owner, and that the value of the item taken was less than the statutory minimum for the crime of grand larceny.

A plea of guilty to an amended information charging the crime of grand larceny admits the truth of the allegations contained therein, waives all defenses other than that the information charges no offense, and waives the right to a jury trial and the incidents thereto. *In re Brandon v. Webb*, 23 Wn. (2d) 155, 160 P. (2d) 529 (1945).

We find no merit in this contention.

■ Appellant's final contention is that the court erred in refusing to permit witnesses to testify concerning alleged abuses of appellant by other police officers in connection with another offense committed some two years previously. Such testimony was immaterial to any issue raised herein, and was properly refused.

The order denying the application for a writ of *habeas corpus* is affirmed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.