[No. 34343. Department One. July 17, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE J. CUMMINGS, *Appellant*.[1]

[1] Reported in 328 P. (2d) 160.

*W. Delmore McDowell* and *Lycette, Diamond & Sylvester*, for appellant.

*Arnold R. Zempel* and *Leo J. Gese*, for respondent.

MALLERY, J.—The defendant appeals from an order denying his motion to vacate the judgment and withdraw his plea of guilty to the crime of second degree assault.

The appellant was arrested in Montana and returned to Everett, Washington, March 13, 1957, at about 1:30 p. m. He signed a written statement regarding the facts of the case at the request of the prosecuting attorney. His parents hired an attorney for him, with whom they discussed the facts as they had been related to them by the appellant. The next day, March 14, 1957, his attorney discussed the case with him.

On Friday, March 15, 1957, the appellant, with his attorney, appeared in court for arraignment and pleaded guilty. The trial court thereupon announced judgment and sentence, which were formally entered on March 19, 1957. This procedure is in accord with RCW 10.40.010 and 10-.40.060, which provide:

"When the indictment or information has been filed the defendant, if he has been arrested, or as soon thereafter as he may be, shall be arraigned thereon before the court." RCW 10.40.010.

"In answer to the arraignment, the defendant may move to set aside the indictment or information, or he may demur or plead to it, and is entitled to one day after arraignment in which to answer thereto if he demand it." RCW 10.40.060.

Appellant did not ask for additional time in which to plead. There was no error in the procedure followed herein.

Appellant contends he has not had due process of law because his plea of guilty was not made voluntarily and understandingly. His argument is that he did not understand the crime with which he was charged, did not know the maximum sentence prior to the hearing, and was never told that the minimum term he could get under the law was five years.

Appellant had the services of his attorney the day before he was arraigned as well as at the arraignment. The information charging him with the crime was read to him in open court, and the court then questioned him as follows:

"THE COURT: Is Lawrence J. Cummings your true name? LAWRENCE J. CUMMINGS: Yes. THE COURT: Is Mr. Kafer here present your attorney? MR. CUMMINGS: Yes, sir. THE COURT: Are you ready at this time to enter a plea to this charge of assault in the second degree? MR. CUMMINGS: Yes. THE COURT: What is your plea, guilty or not guilty? MR. CUMMINGS: Guilty. THE COURT: Do you understand the nature of this charge? MR. CUMMINGS: Yes. THE COURT: You are charged with striking and beating one Grace McKinnon with a pistol? MR. CUMMINGS: Yes. THE COURT: A plea of guilty will enter."

When a defendant is represented by counsel at his arraignment, and the information is read to him in open court, there is no burden of further enlightenment upon the court.

Appellant contends his constitutional right to a trial by jury has been violated. By his plea of guilty, he has waived his right to a trial by jury. *In re Brandon v. Webb*, 23 Wn. (2d) 155, 160 P. (2d) 529.

Appellant argues that he wrote out and signed the statement of the facts of the crime in reliance upon representations that he would probably get either a suspended sentence or three to six months in the county jail. He testified that what he wrote in the statement was true, that he was not forced to sign it, and that he was not promised anything for signing it. The appellant knew he would be sentenced by the judge before whom he appeared and not by the deputy prosecutor or the police. A defendant represented by counsel will not be heard to say that he was

misled regarding his possible sentence or his rights in the premises.

Appellant contends the trial court erred in the hearing on the motion to vacate by refusing to admit evidence as to conversations the appellant had in regard to bail and evidence as to his past reputation. The issues presented on this appeal relate to the regularity of the proceedings on arraignment and to whether the plea of guilty was properly made. The offered testimony was not relevant to these issues and was properly refused.

Appellant has not shown any irregularity in the arraignment or judgment. It is, therefore, unnecessary to decide whether he has shown a *prima facie* defense on the merits. *State v. Roff*, 44 Wn. (2d) 309, 266 P. (2d) 1059.

The order denying the motion to vacate the judgment and to withdraw the plea of guilty is sustained.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.

[1]Reported in 328 P. (2d) 169.