(No. 35998

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROLLIN EUGENE LYBARGER, Plaintiff in Error.

*Opinion filed May 19, 1961.*

Roger W. Hayes, and Joseph Wagner, both of Macomb, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and William L. Randolph, State's Attorney, of Macomb, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant Lybarger was indicted by the grand jury of McDonough County on May 5, 1959, on two charges of burglary and larceny and one of assault with intent to murder. He was placed in the McDonough County jail pursuant to a *capias* on September 23, 1959. Prior to arraignment, he filed motions for discharge in all three cases, (Ill. Rev. Stat. 1959, chap. 38, par. 748,) claiming that he had been denied a speedy trial. The motions were heard on November 10, 1959, taken under advisement and denied on November 17, 1959. Defendant then entered a plea of not guilty to the burglary indictment in the present case, but later changed his plea to guilty and after a hearing in mitigation was sentenced for a term of two to ten years. He brings writ of error to review the burglary case.

The defendant contends he was confined in the Fulton County jail and thereafter in the McDonough County jail for a total period of six months less six days, on arrest upon the instant charge, before being brought to trial, and therefore he was deprived of his constitutional right to a speedy trial (Const., art. II, sec. 9) as augmented by statute (Ill. Rev. Stat. 1959, chap. 38, par. 748) which is the so-called "four-month rule." He contends the trial court erred in denying his motion for discharge, and that because such an order is not appealable (*Healy* v. *People,* 193 Ill. 370), he had no alternative but to plead guilty. Further, he con-

tends the trial court denied a fair and impartial hearing on the motion for discharge because the court refused to allow certain sheriffs and a deputy sheriff to be called as the court's witnesses, and because the court admitted in evidence the record of proceedings in Fulton County which concerned another charge against the defendant.

The State contends that the ruling on the motion for discharge was correct, and regardless of the propriety of the ruling, the defendant waived his right to demand discharge for failure to enjoy a speedy trial when he pleaded guilty to the charges in McDonough County, under the precept of *People* v. *De Cola,* 15 Ill.2d 527. The defendant's reply to this is that the rule of *People* v. *De Cola* is wrong, and should be changed.

The defendant was arrested on April 10, 1959, in the city of Vermont, Fulton County, by the local sheriff. Previously the sheriff had received a message from Schuyler County advising him that the defendant had allegedly committed crimes in McDonough County. The Fulton County sheriff placed the defendant in the Fulton County jail and proceeded to interrogate him, meanwhile notifying the sheriffs of Schuyler County and McDonough County that the defendant had been apprehended. These latter officers went to Fulton County and participated in the interrogation, during the course of which the defendant confessed to a burglary in Fulton County. The sheriff of McDonough County instructed the sheriff of Fulton County to "hold" or "put a hold on" the defendant.

The record further discloses that Lybarger was charged on information in Fulton County on April 16, 1959, on a charge of burglary, which was *nolle prossed* on September 23, 1959. He was then placed in custody of the McDonough County sheriff, who transported him to the McDonough County jail at Macomb. There he entered a plea of guilty on November 17, 1959, as we have said, and was sentenced

on his plea. It is apparent that the defendant did not ask for or cause any delay in the Fulton County proceedings.

Defendant argues that his commitment for the McDonough County offense began on April 10, 1959, when he was incarcerated in Fulton County, while the People contend that the period of his commitment for the McDonough offense did not commence, within the meaning of the statute, until September 23, 1959, when he was taken into custody by the McDonough sheriff.

From our examination of the record, we are of the opinion that defendant was not "committed" for the McDonough offenses until September 23, 1959. However, we do not consider this conclusion necessary to a decision of this case. The record is clear that defendant entered a plea of guilty to the indictment in the present case. In the recent case of *People* v. *De Cola*, 15 Ill.2d 527, we squarely held that when a defendant enters a plea of guilty he waives the right to be discharged for failure to obtain a trial within four months of commitment. This question was fully argued and considered in that case and defendant has presented no new authorities or argument that would lead us to overrule that decision. Indeed the facts of the instant case present a far more compelling argument against discharge than *De Cola,* because here the McDonough authorities did not have custody of defendant until less than three months prior to his guilty plea.

We, therefore, adhere to our opinion in *People* v. *De Cola,* 15 Ill.2d 527. Since we feel that the *De Cola case* is determinative of this appeal it is unnecessary to consider other alleged errors on the hearing on the motion for discharge. The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*