(No. 37289.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY SIMMONS, Plaintiff in Error.

*Opinion filed November 30, 1962.*

ROY SIMMONS, *pro se.*

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Roy Simmons has prosecuted this writ of error *pro se* to review a judgment of the circuit court of St. Clair County adjudging him guilty of manslaughter

pursuant to his plea of guilty, and sentencing him to a term of 9 years in the Illinois State Penitentiary. Defendant contends that he was not granted a trial within four months of his incarceration; that the allegations of the indictment did not support his conviction, and that he was not adequately admonished as to the effect of his plea of guilty.

From the record it appears that defendant was indicted in a single count on January 6, 1959, for murder in the shooting and killing of one Herbert Gash with a pistol on July 26, 1958. Defendant was arraigned on January 15, 1959, and held without bail on the murder charge. He was furnished a copy of the indictment, a list of witnesses, and advised by the court of his right to be defended by counsel. He pleaded not guilty, and counsel was appointed to defend him. On March 23, 1959, on motion of the State, the case was continued. It was set and called for trial on May 4, 1959. At that time defendant, represented by counsel, withdrew his plea of not guilty to the crime of murder and entered a plea of guilty to the crime of manslaughter. The plea was thereupon accepted by the court and judgment was entered finding defendant guilty of the crime of manslaughter and sentencing him to the Illinois State Penitentiary for a term of 9 years.

Defendant, appearing *pro se,* argues that he was not tried within four months of his incarceration and was, therefore, entitled to discharge. In support of this contention he refers to the act of 1957, (Ill. Rev. Stat. 1959, chap. 38, par. 633.1,) which is clearly inapplicable since that provision relates only to the requirement of trial within four months if the defendant has been imprisoned on a separate charge. While that section of the Criminal Code has no relevance to the case at bar, we assume the defendant seeks to raise the question of a deprivation of his rights under the so-called four months statute. (Ill. Rev. Stat. 1959, chap. 38, par. 748.) That section provides

that a defendant, not admitted to bail, and not tried within four months of his commitment, shall be set at liberty by the court, unless the delay was upon application of the prisoner.

As the defendant entered a guilty plea he cannot now raise the right to be discharged under the four months statute. We said in *People* v. *Lybarger,* 22 Ill.2d 170, 173: "The record is clear that defendant entered a plea of guilty to the indictment in the present case. In the recent case of *People* v. *De Cola,* 15 Ill.2d 527, we squarely held that when a defendant enters a plea of guilty he waives the right to be discharged for failure to obtain a trial within four months of commitment."

Defendant next contends that the murder indictment, without a manslaughter count, was insufficient to permit a conviction of manslaughter even upon a plea of guilty. The cases cited by defendant in support of this novel proposition are totally inapposite in that they relate to indictments which failed to charge any crime. The indictment in the case at bar sufficiently charged defendant with murder. It is well settled in Illinois that the crime of manslaughter is embraced in the charge of murder, and that an accused may be convicted of manslaughter under an indictment for murder. *People* v. *Crawford,* 387 Ill. 616; *People* v. *Durand,* 313 Ill. 582.

Defendant's final assertion is that he was not advised of his right to a trial by jury nor was he adequately admonished as to the effect of his plea. The questions and answers in the record indicate that defendant, while represented by counsel, was fully advised and admonished by the court of the consequences of his plea of guilty and still persisted therein.

In *People* v. *Outten,* 22 Ill.2d 146, we specifically held that the record in a criminal case need not show that the court advised defendant of his right to a trial by jury on a plea of guilty. Defendant's insistence that he was im-

properly advised and admonished prior to his plea appears to center on his claim that the court did not explain the statutory difference between voluntary and involuntary manslaughter. Since the prescribed punishment for manslaughter was the same, whether voluntary or involuntary, (Ill. Rev. Stat. 1957, chap. 38, par. 364,) we can perceive no possible effect this information could have upon the defendant's informed plea. We therefore hold that the record indicates that the defendant was sufficiently advised and admonished prior to the entry of his plea.

The judgment of the circuit court of St. Clair County is affirmed.