[No. 34645. Department One. April 18, 1963.]

THE STATE OF WASHINGTON, *Respondent,* v. EARL WILLIAM
SAWYER, JR., *Appellant.**

*Ronald Huntington* (of *Huntington & Huntington*), for
appellant.

*Wayne Roethler* and *Mark F. Andrews, Jr.,* for respond-
ent.

ROSELLINI, J.—On September 17, 1954, the appellant was
convicted of the crime of second-degree burglary and sen-
tenced to serve a term in the penitentiary. At the same

* Reported in 380 P. (2d) 726.

time the suspension of a sentence formerly imposed upon him for a previous crime was revoked, and the court ordered that the two sentences run concurrently.

In July 1957, the appellant filed an application for a writ of error coram nobis. Thereafter, he engaged an attorney who filed for him an application for a writ of habeas corpus. The two petitions were heard together on October 17, 1957, the issues raised being the same. Both were denied.

It would serve no useful purpose to set forth in detail the facts alleged in the petitions. Suffice it to say that it is the contention of the appellant that, while confined in jail awaiting trial on the charge, he was subjected to duress by his probation officer and other officers of the state and county and thereby was induced to sign a confession, and further was induced by the prosecuting attorney to enter a plea of guilty on the strength of a promise to recommend that the sentences be made to run concurrently.

The record shows that, at the time the plea of guilty was entered, the appellant was represented by counsel of his own choice, who, in the presence of the appellant, had conferred with the prosecuting attorney and obtained an agreement that concurrent sentences would be recommended. It was explained to the appellant that the court would not be bound by this agreement and that it would exercise its independent judgment and impose any sentence that might be proper. The court followed the recommendation of the parties and imposed sentence accordingly. It later became known to all of the parties concerned that the court was without power to enter such an order, but there is no contention that the agreement was not made in good faith.

The appellant cites a number of authorities all of which apply the well-established rule that a coerced confession may not be introduced in evidence against a defendant. However, these authorities have no application here. The confession obviously was not introduced in evidence against the plaintiff, inasmuch as there was no trial.

By pleading guilty, a defendant admits the acts well pleaded in the charge and waives all defenses other than that the indictment or information charges no offense, and

waives the right to trial and the incidents thereto. *In re Salter*, 50 Wn. (2d) 603, 313 P. (2d) 700; *In re Brandon v. Webb*, 23 Wn. (2d) 155, 160 P. (2d) 529.

It is also the rule that a defendant represented by counsel will not be heard to say that he was misled regarding his possible sentence or his rights in the premises. *State v. Cummings*, 52 Wn. (2d) 601, 328 P. (2d) 160. Especially is this true where the defendant is represented by counsel of his own choice. We must assume that all of the facts which the appellant now alleges, were made known to his counsel at the time he was advised to plead guilty and accepted this advice. The record discloses that he knew that he would be sentenced by the judge, not by the prosecutor; and he knew that the sentence imposed by the judge must be according to law.

We find no merit in the appellant's contentions; and the judgment of the trial court, dismissing the petitions, is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.