(No. 37634.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY PRITCHETT, Plaintiff in Error.

*Opinion filed November 26, 1963.*

LEROY PRITCHETT, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT V. WILSON, State's Attorney, of Harrisburg, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

In 1961, the defendant entered a plea of guilty in the circuit court of Saline County to an indictment charging him with the crime of burglary. Judgment was entered on the plea and the defendant was sentenced to the penitentiary for a term of not less than two nor more than seven years.

The only error assigned is that the trial court erred in denying defendant's motion for a discharge on the ground that he had not been brought to trial within four months. (Ill. Rev. Stat. 1959, chap. 38, par. 633.1.) We find it unnecessary to consider the arguments advanced in support of this contention. The defendant, represented by both appointed counsel and retained counsel, voluntarily entered a plea of guilty after the denial of his motion for a discharge. His plea waived any error which might have arisen from the

denial of his motion. *People* v. *Simmons,* 26 Ill.2d 400; *People* v. *Lybarger,* 22 Ill.2d 170, 173.

The defendant contends that he is not precluded from raising the question on review because the trial court record shows that the court accepted the plea of guilty "without prejudice to defendant's right to appeal the question of this court's jurisdiction." The defendant argues that by reason of the alleged erroneous denial of the motion for discharge, the trial court lost jurisdiction over the indictment and over the person of the defendant. We have held that an erroneous denial of a motion for discharge does not deprive the court of jurisdiction. (*People* v. *Utterback,* 385 Ill. 239, 243.) The contention that the trial court lost jurisdiction cannot be sustained.

The judgment of the circuit court of Saline County is affirmed.

*Judgment affirmed.*