People of the State of Illinois, Defendant in Error, v. John Konczak, Plaintiff in Error.

Gen. No. 49,469.

First District, Fourth Division.

April 8, 1964.

Julius Lucius Echeles, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, Cook County, Fred G. Leach, E. Michael O'Brien, Assistant Attorneys General, Matthew J. Moran, Assistant State's Attorney, of counsel), for defendant in error.

MR. JUSTICE McCORMICK delivered the opinion of the court.

In this case a writ of error was sued out to the Supreme Court of Illinois. The case was by that court transferred here. The defendant was indicted on March 22, 1960, for assault with intent to commit robbery. The defendant was arraigned April 4, 1960, and pleaded not guilty. A public defender was appointed as his counsel and the cause was set for trial April 19, 1960. On April 19, 1960, the plaintiff filed a petition for discharge under par 748, ch 38 of the Illinois

Revised Statutes, and which now appears in the same form in the Code of Criminal Procedure of 1963. This section of the statute is commonly known as the Four Term Rule.

In his petition the defendant alleged that he had been arrested for assault with intent to rob on April 17, 1959, and he further says that he represents "that prior to the said 17th day of April A.D. 1959, more than four months had passed without he having been brought to trial without any delay on his part, . . ." The court denied the petition for discharge.

On the same day, on motion of defendant, the court ordered a behavior clinic examination and continued the case to May 3, 1960. On that day the court continued the case to May 4, and thereafter to June 16, when an order was entered permitting a counsel chosen by the defendant to enter his appearance in the cause, and continuing the case to June 27, on motion of defendant. On June 27 the case was again continued, on the motion of the State, until August 29. On August 29 the defendant, present in court and represented by counsel, withdrew his plea of not guilty and entered a plea of guilty, whereupon he was sentenced to the penitentiary.

The State relies on People v. DeCola, 15 Ill2d 527, 155 NE2d 622; People v. Simmons, 26 Ill2d 400, 186 NE2d 263; People v. Lybarger, 22 Ill2d 170, 174 NE2d 687; People v. Pritchett, 29 Ill2d 407, 194 NE2d 352. In those cases it has been consistently held by the Supreme Court that when a defendant enters a plea of guilty after the denial of his motion for discharge, he waives any error which might have arisen from the denial of his motion. The rule laid down in those cases must control our decision in the instant case.

In the case before us the State also points out that the petition is not sufficient in that it alleges that the defendant was arrested on April 17, 1959, and that prior to that date the four months had elapsed before

■

he was brought to trial. There is nothing in the record showing the date when the defendant was arrested.

The defendant here urges that if this court holds that the previously referred to cases are binding on us we should nevertheless set aside the judgment because defendant's plea of guilty was not freely and voluntarily made. There is nothing in the record to support such a contention.

The judgment of the Criminal Court of Cook County is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.