**Douglas STILTNER, Petitioner,**

v.

**B. J. RHAY, Superintendent Washington State Penitentiary, Walla Walla, Washington, and the State of Washington et al., Respondents.**

**No. 1934.**

United States District Court
E. D. Washington, S. D.

June 28, 1965.

Douglas Stiltner, pro se.

Stephen C. Way, Asst. Atty. Gen., of Washington, Olympia, Wash., for respondents.

## ORDER and OPINION

POWELL, Chief Judge.

The petitioner is an inmate in the Washington State Penitentiary. He has been permitted to file a petition for writ of habeas corpus in forma pauperis. Two documents filed later have been consolidated with it. All three petitions have been heard and considered together and will be referred to in this opinion as if there were only one. The conviction from which this petitioner seeks his freedom is a sentence of not more than twenty years, under RCW 9.95.010, nor less than five years, under RCW 9.75.010, for the crime of robbery imposed by the Lewis County, Washington, Superior Court, on September 9, 1963.

This Court has jurisdiction under 28 U.S.C. § 2241. Petitioner's allegations are substantially as follows: Petitioner was arrested at Packwood, Washington, on May 27, 1963, and was taken to the Lewis County, Washington, jail. During his custody for the period through September 9, 1963, he was confined in one or more individual cell units which were extremely unsanitary and grimy and which lacked adequate facilities for drinking or washing.

The following papers were submitted to the Lewis County Superior Court and ignored by that court until the petitioner had entered a plea of guilty on September 3, 1963: (a) May 28, 1963, petition for writ of habeas corpus; (b) May 28, 1963, motion for an immediate arraignment; (c) May 29, 1963, motion for trial by jury within 60 days; and (d) May 30, 1963, petition for writ of habeas corpus.

On June 3, 1963, the jailers refused to allow the petitioner any further access to the courts by withdrawing his stationery and refusing to transmit his legal correspondence. In addition the petitioner was refused the right to have his attorney contacted and was refused the right to have visitors.

On June 3, 1963, petitioner was taken before the Lewis County Superior Court for arraignment but the arraignment was continued in order that an attorney could be appointed to represent the petitioner. On June 17, 1963, he was again brought before the Lewis County Superior Court, at which time he was accompanied by counsel and pleaded "not guilty." Petitioner changed his plea to "guilty" on September 3, 1963, and was sentenced on September 9. The Lewis County Superior Court denied petitioner's motion for a free transcript and his motion for leave to appeal in forma pauperis on December 4, 1963. That court ignored petitioner's motion for a rehearing on his motion for a free transcript and his motion for appointment of counsel to prosecute petitioner's appeal, both submitted on December 9, 1963.

Petitions for writs of habeas corpus were denied by the Washington Supreme Court on January 20, 1964, in cause number 37333, and on October 8, 1964, in cause number 37324. A petition for a writ of habeas corpus was denied by the Walla Walla County Superior Court on May 28, 1964.

Based upon the above allegations Mr. Stiltner asserts that he is entitled to a writ of habeas corpus from this Court and that he has exhausted his state court remedies.

This Court has considered the pleadings and briefs filed by the petitioner and respondent in this case and, further, this Court has reviewed the entire record from the proceedings had before the Washington Supreme Court, including the transcript of the hearing held on February 21, 1964, as a result of an Order of Reference issued by that court.

On the basis of the entire record before it this Court finds that additional hearings are not necessary and that the petition for writ of habeas corpus must be denied.

The following issues raised by the petitioner have been considered by this Court, while all other issues have been considered but have been rejected as being without merit:

1. A sentence under RCW 9.75.010 to not less than five years imprisonment, and under RCW 9.95.010 to not more than twenty years, is unconstitutional as not within the power of the court, and such a sentence is based on unconstitutional statutes.

2. Petitioner's plea of guilty was involuntary.

3. Petitioner was refused the right to confer with his attorney, to have visitors, and to contact the courts prior to his trial.

4. Petitioner was denied the right to a speedy trial.

5. Petitioner's plea of guilty is insufficient to support a conviction without corroborating evidence.

6. Petitioner has a constitutional right to appeal from a conviction based on a plea of guilty.

7. Petitioner was denied the right to obtain a free trial transcript with which to determine if a basis exists for an appeal.

The above issues will be discussed in order.

■■ The "Judgment, Sentence and Commitment to the Washington State Penitentiary" of the Lewis County Superior Court ordered that petitioner "be punished therefor by confinement in the State Penitentiary of the State of Washington for not more than twenty (20) years, but not less than five (5) years." Mr. Stiltner argues that the court was without power to impose a minimum sentence and therefore the entire sentence is void. He also argues that the statutes under which he was sentenced, RCW 9.75.010 and RCW 9.95.010, are unconstitutional. Considering the latter point first, it is unnecessary to cite authority for the proposition that the enactment of reasonable criminal statutes is within the police powers of a state. The statutes here do not conflict with any constitutional limitation nor with any subject delegated to the federal government. They are not unconstitutional.

■ Under the former point, RCW 9.75.010 requires that "[e]very person who shall commit robbery shall be punished by imprisonment in the state penitentiary for not less than five years." Since 1935, the Washington courts are permitted to fix maximum sentences only for felony convictions as provided in RCW 9.95.010.[1] We accept the state court's decision that petitioner was properly sentenced to a maximum confinement of twenty years since the construction of the state statute is involved. See Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270 (1926); Reed v. Rhay, 323 F.2d 498, (9th Cir. 1963), cert. denied 377 U.S. 917, 84 S.Ct. 1184, 12 L.Ed.2d 187; Wright v. Rhay, 323 F.2d 653 (9th Cir. 1963), cert. denied 376 U.S. 958, 84 S.Ct. 976, 11 L.

1. RCW 9.95.010—"Court to Fix Maximum Sentence. When a person is convicted of any felony, except treason, murder in the first degree, or carnal knowledge of a child under ten years, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reformatory, and shall fix the maximum term of such person's sentence only.

The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years."

Ed.2d 974; Alderman v. Timpani, 56 Wash.2d 20, 351 P.2d 163 (1960); and Klapproth v. Squier, 50 Wash.2d 675, 314 P.2d 430 (1957).

That portion of the Lewis County Superior Court sentence ordering the petitioner to be confined for a minimum of five years is not a sentence prescribed by law and was erroneously imposed. As the Washington Supreme Court has said, "When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence, when the error is discovered. This does not, of course, affect the finality of a correct judgment and sentence that was valid at the time it was pronounced." In re McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848, 850 (1955), cert. denied 350 U.S. 1002, 76 S.Ct. 550, 100 L.Ed. 866. This view was concurred in by the Court of Appeals for the Ninth Circuit, McNutt v. Schneckloth, 241 F.2d 128, 129 (1957), which said, in addition, that correction of an erroneous sentence does not violate any constitutional rights of the petitioner. See also, State v. Williams, 51 Wash.2d 182, 185, 316 P.2d 913 (1957).

The fact that only a portion of the sentence of the trial court is erroneous does not permit this Court to ignore it and consider only the valid portion. An order directing a prisoner to be confined for not less than five years is not mere surplusage. This portion may be ignored by the Board of Prison Terms and Paroles in fixing the petitioner's duration of confinement under RCW 9.-95.040, but that is an uncertainty. It is more probable that the board will give some weight to the direction of the sentencing court.

Where a court is without authority to pass a particular sentence, such sentence is void, and the defendant imprisoned under it is entitled to relief by habeas corpus. See Hans Nielsen, 131 U.S. 176, 182, 9 S.Ct. 672, 33 L.Ed. 118 (1889). The petitioner is not entitled to be released as he requests, however, if the sentence under which he is convicted can be corrected by the sentencing court. In Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947), Mr. Justice Black stated:

"It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal. (Citations omitted.) But in those cases it was recognized that an excessive sentence should be corrected, even though the prisoner had already served part of his term, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence by the court of original jurisdiction, at least during the term of court in which the invalid sentence was imposed. * * * This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' (Citation omitted.) The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. * * * *"

The trial court has the power to vacate a void judgment. See State v. Price, 59 Wash.2d 788, 370 P.2d 979 (1962). The petitioner must be returned to the Superior Court for Lewis County in order that the invalid portion of its judgment, sentence, and commitment ordering the confinement of the petitioner for a term of "not less than five years" can be vacated.

Petitioner next contends that his plea of guilty was not voluntarily made but rather was induced by his long period of solitary confinement. This contention is not supported by the record. Although he was confined in an individual cell from his arrest on May 27, 1963, until his sentencing on September 9, 1963, he was not in "solitary confinement." He was merely segregated from other prisoners in the jail.

The purpose of this isolation was to prevent his smuggling out threatening messages, as he was caught doing, and to prevent his infecting the other prisoners with his compulsive propensity to initiate legal documents. There is no testimony other than petitioner's own assertions that psychological coercion was intended or resulted from his isolation segregation. Petitioner himself stated at the reference hearing (reference hearing, transcript page 111), that he pleaded guilty because he "got tired being up there in isolation segregation, being denied all access to the Courts, and not being able to get into Court for hearing on my writs that I had pending." This is not coercion.

■ The petitioner changed his plea from "not guilty" to "guilty" voluntarily and with a full knowledge and understanding of the consequences. The action was taken intelligently and not as a result of a concerted, conscious conspiracy by his jailers to induce him to plead guilty through mental or physical coercion. See Fullen v. State of Wyoming, 283 F.2d 116 (10th Cir. 1960), cert. denied 366 U.S. 937, 81 S.Ct. 1663, 6 L.Ed.2d 848; Decatur v. Hiatt, 184 F.2d 719 (5th Cir. 1950); Edgerton v. State of North Carolina, 230 F.Supp. 264 (D.C.N.C.1964).

Petitioner has alleged that during a portion, at least, of his confinement he was held incommunicado and denied the right to contact counsel, visitors, or the courts. With the exception of the period prior to his arraignment, May 27, 1963, to June 17, 1963, this allegation must fail on the basis that it is not supported by the record. Petitioner was permitted to have visitors (plaintiff's exhibit 2, reference hearing, "Lewis County Sheriff's Office Visitation Record"), he was permitted to contact counsel (reference hearing, transcript pages 27, 56, 66), and he was permitted to contact the courts (plaintiff's exhibit 1, reference hearing, "Incoming and Outgoing Mail of Douglas Stiltner;" reference hearing, transcript pages 5, 25, 30, 33, 47, 57, 76, 77,

99, 100). Within three days after his arrest he was able to present the Lewis County Superior Court with two motions and two petitions for writ of habeas corpus.

Several witnesses at the reference hearing freely admitted that a regulation promulgated by the Lewis County Sheriff prohibited visitors other than close relatives, and limited a prisoner to one phone call prior to the arraignment of the prisoner. In addition to the period prior to arraignment a jailer testified at the reference hearing that he knew of at least one additional period of a week to ten days when the petitioner may have been held incommunicado (reference hearing, transcript page 20).

■ It is not necessary to reach the question of whether any constitutional right of the petitioner was violated by having been confined incommunicado nor do we reach the question of whether petitioner actually was held incommunicado. Before petitioner is entitled to raise a question for the court's consideration on a petition for writ of habeas corpus he must show that he has been prejudiced by the acts questioned. There is no showing here of prejudice and the mere fact of having been held incommunicado by itself, even if true, raised no such presumption. Nelson v. Sacks, 290 F.2d 604 (6th Cir. 1961), cert. denied 368 U.S. 921, 82 S.Ct. 244, 7 L.Ed.2d 136. A federal court has no jurisdiction to supervise the rules and regulations instituted by state reformatories, jails, or penitentiaries. United States ex rel. Cobb v. Maroney, 216 F.Supp. 910 (D.C.Pa.1963). See also, Sutton v. Settle, 302 F.2d 286 (8th Cir. 1962), cert. denied 372 U.S. 930, 83 S.Ct. 876, 9 L.Ed.2d 734.

The next issue raised is whether petitioner was deprived of the right to enjoy a speedy trial as guaranteed him by both the United States Constitution, 6th Amendment, and the Washington Constitution, Article 1, Section 10. This right has been codified in Washington. RCW

10.46.010.[2] Petitioner was not brought to trial until 105 days had elapsed following the filing of the information against him on May 27, 1963.

The privilege of right to be tried without unreasonable delay, like other constitutional rights, may be waived. The petitioner was fully aware of the statute requiring a defendant to be brought to trial within sixty days after the filing of the information; in fact, he submitted a "motion for trial by jury within sixty days" two days after his arrest. This motion was discussed with the trial court and with petitioner by his court-appointed attorney (reference hearing, transcript pages 61, 63, 64, 65, 73, 111). The petitioner was specifically informed on September 3, 1963, when he changed his plea to "guilty," that it was the opinion of his attorney and the trial court that a plea of "guilty" would waive any rights of the petitioner under his earlier motions and petitions (proceeding of Sept. 3, 1963, transcript pages 6, 9, 10). Petitioner will not now be heard to say that he did not waive his right to a speedy trial as provided under RCW 10.46.010 and the Sixth Amendment to the United States Constitution.

In Kyle v. United States, 211 F.2d 912, 914 (9th Cir. 1954), the court said:

"As remarked in Beavers v. Haubert, 198 U.S. 77, 86, 25 S.Ct. 573, 575, 49 L.Ed. 950, the constitutional right of an accused to a speedy trial 'must be considered with regard to the practical administration of justice.' There the Court further observed, 198 U.S. at page 87, 25 S.Ct. at page 576: 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * *"

The delay here complained of by the petitioner was not so unreasonable as to violate due process of law, especially when "considered with regard to the practical administration of justice." If there is no jury in session within sixty days of the filing of an information against a defendant, the Washington Supreme Court has held that RCW 10.-46.010 does not require that a special jury be called. State v. Moser, 37 Wash. 2d 911, 226 P.2d 867 (1951). This Court is bound by the state interpretation. Mattoon v. Rhay, 313 F.2d 683 (9th Cir. 1963). This Court is aware from the transcript of the September 3, 1963, proceeding before the Lewis County Superior Court, page 9, that no jury was in session at any time from petitioner's arrest to his sentencing in the Lewis County Superior Court. This case is within the ruling in the Moser case. Also any right to assert a violation of petitioner's right to a speedy trial has been waived.

Petitioner argues that his conviction cannot be supported by his plea of guilty alone but must be supported in addition by corroborating evidence. This contention is without merit. The statement of the Washington Supreme Court in State v. Sawyer is applicable, 62 Wash. 2d 1, 2, 380 P.2d 726, 727 (1963):

"By pleading guilty, a defendant admits the acts well pleaded in the charge and waives all defenses other than that the indictment or information charges no offense, and waives the right to trial and the incidents thereto. In re Salter, 50 Wash.2d 603, 313 P.2d 700; In re Brandon v. Webb, 23 Wash.2d 155, 160 P.2d 529."

See also: Robison v. United States, 329 F.2d 156 (9th Cir. 1964), cert. denied 379 U.S. 859, 85 S.Ct. 115, 13 L.Ed. 2d 61; Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961); Forth-

---

2. RCW 10.46.010. Trial Within Sixty Days
   If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown.

offer v. Swope, 103 F.2d 707 (9th Cir. 1939); In re Mohr v. Smith, 26 Wash. 2d 188, 193, 173 P.2d 141 (1946).

 There remain but two issues worthy of consideration, whether petitioner had a constitutional right to appeal from a conviction based on a plea of guilty and whether petitioner was denied the right to obtain a free trial transcript. The petitioner conceded during a regular hearing before this Court on March 16, 1965, that these issues have been raised before the Superior Court of Walla Walla County by petition for writ of habeas corpus but that they have not been presented before the Washington Supreme Court. Petitioner has not exhausted his state court remedies and, under 28 U.S.C. § 2254, his application for a writ of habeas corpus cannot be granted on these remaining two grounds.

The record shows that on July 15, 1964, a Statement of Facts, which included a transcript of all trial proceedings, was mailed to petitioner. He cannot now complain of the lack of a transcript. There remains his claim of the right to appeal. He has not stated any ground for appeal that is not urged and passed on in his application for writ of habeas corpus. No prejudice appearing, his right to appeal from a conviction on a plea of guilty should be denied. Garrison v. Johnston, 104 F.2d 128 (9th Cir. 1939), cert. denied 308 U.S. 553, 60 S.Ct. 107, 84 L.Ed. 465.

It is the opinion of the Court that there is not sufficient showing upon which relief should be granted except as to that portion of the Sentence which ordered petitioner confined for "not less than five (5) years."

### ORDER

It is hereby ordered that if petitioner is returned to the Lewis County Superior Court and the correction of his sentence is completed as stated herein within ninety days from this date, the petition will be dismissed, and

It is further ordered that this Court retain jurisdiction to make such further orders as shall be indicated in the event there is no correction of petitioner's sentence, and

It is further ordered that this Opinion shall constitute the Findings of Fact in the case and the final order shall be presented for entry following the correction or refusal to correct the sentence as provided herein.