[No. 38323. Department Two. May 12, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JAMES FRANCIS WOODS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

\*Reported in 414 P.2d 601.

*Francis Conklin,* for petitioner.

*The Attorney General* and *Paul J. Murphy,* for respondent.

HAMILTON, J.—This is an original application for a writ of habeas corpus. The gravamen of petitioner's claim is that his constitutional right to a speedy trial was violated and that his plea of guilty to the crime of forgery in the first degree was involuntary.

It is conceded by counsel for respondent that an inordinate and unexcused delay occurred between petitioner's arrest and his arraignment. A detailed recitation of the unfortunate circumstances would serve no useful purpose. Suffice it to say that the occurrence was such as to amount to a violation of petitioner's constitutional rights (Const. art 1, § 22 (amendment 10)) to be advised of the nature of the charges against him and to a speedy trial. The dispositive questions presented, however, are whether (a) petitioner's plea of guilty to the offense charged was voluntary, and (b) such plea, if voluntary, waived the constitutional rights involved.

We answer both questions in the affirmative and dismiss petitioner's application.

Briefly, the operative facts are as follows: Petitioner, following his arrest and incarceration, first appeared in a court of law on April 20, 1964. His appearance was predicated upon a complaint filed in Seattle District Justice Court charging him with the crime of forgery in the first degree. He was represented by retained counsel and the justice court judge sat as a committing magistrate. Petitioner entered a plea of not guilty and his counsel moved that the complaint be dismissed because of the delay between the arrest and the preliminary hearing. The motion was denied, evidence was presented by the state, and petitioner was, on April 28, 1964, bound over to the Superior Court for King County for prosecution. On April 29, 1964, an information

was filed in the superior court and shortly thereafter petitioner was brought before the court and counsel appointed to represent him, he being without funds to continue with retained counsel. His court appointed counsel, a competent attorney and one experienced in the trial of criminal cases, promptly filed a motion to dismiss the information asserting a prejudicial violation of petitioner's right to a speedy trial. Hearing on the motion and arraignment was continued until June 3, 1964. On the appointed day, petitioner with his counsel appeared, presented testimony concerning the unavailability of certain defense witnesses, and argued the motion for dismissal. The trial judge denied the motion, proffered the services of the state in locating and returning the missing witnesses, and tendered a trial setting at the convenience of petitioner. Counsel for the state offered to stipulate as to what the witnesses would state if present. Thereafter, the trial judge and counsel conferred in chambers. Following this conference, the petitioner indicated a desire to enter a plea of guilty to the charge, his counsel stating:

> I have discussed the matter with Mr. Woods and in view of the court's ruling on the motion we have sat down and reconsidered our basic position in the matter and Mr. Woods advises me he wishes to enter a plea of guilty because he did in fact cash the check.

After ascertaining that petitioner had fully discussed the matter with his attorney, the trial judge accepted his plea of guilty and indicated he would enter an order deferring sentence for a period of 3 years, the effect of which would be to place petitioner on probation and immediately release him from jail. The trial judge then stated:

> That will be the sentence of the court and I now pronounce it. I will now give you an opportunity to withdraw your plea of guilty.
>
> MR. WOODS: No sir.
>
> THE COURT: One reason I am doing this this way is the testimony you have given and I want to be sure you know what you are doing. It may very well be in light of your record, that you are not a one hundred percent

parole risk and there might be a very strong possibility that I will see you in front there again. I hope not.

MR. WOODS: So do I.

THE COURT: But in light of your previous record you may have some difficulty and if you are in here again on an offense of any seriousness I will have to sentence you for this and I do not want you then to maintain all of a sudden you have now decided you are not guilty.

MR. WOODS: No, your honor.

THE COURT: So I have given you one chance to withdraw your plea of guilty and I am going to give you another chance tomorrow morning. I want you to be very sure you know what you are doing. I want you to be sure you want to plead guilty and you want to receive that sentence and that you will not all of a sudden discover later some day you are not guilty of the offense, because the time to discover that is now and we will give you a very, very speedy trial.

MR. WOODS: I am perfectly satisfied, your honor.

The next morning, June 4, 1964, the following colloquy relative to the plea and order deferring sentence took place:

THE COURT: Have you thought the matter over over the evening and you still wish to rely on your plea of guilty?

MR. WOODS: Yes, your honor.

THE COURT: You don't want to change it. I will let you withdraw it if you wish.

MR. WOODS: No, I will let it stand.

THE COURT: You understand, do you, you can have a trial on this matter and you still want to plead guilty?

MR. WOODS: Yes.

. . . .

THE COURT: You had better straighten up a little and be careful. Either straighten up or be very careful, because if you come back here it will be just too bad.

MR. WOODS: I will try to.

Petitioner was thereupon released on probation. On August 14, 1964, he was charged in justice court with the crime of petit larceny occurring on or about August 13, 1964. He was tried and convicted. A motion to revoke the order of deferred sentence, based upon petitioner's continued crimi-

nal activity, was interposed and, on October 8, 1964, the trial judge revoked the order and sentenced petitioner to the penitentiary. It is from this confinement that petitioner now seeks relief.

■ A plea of guilty to a criminal offense, if voluntarily made in open court, is a confession of guilt and the result equivalent to a conviction. Unless withdrawn before sentence is pronounced, such a plea has the same effect in law as a verdict of guilty, for nothing remains to be done save the imposition of sentence. *In re Mohr v. Smith,* 26 Wn.2d 188, 173 P.2d 141 (1946); *In re Brandon v. Webb,* 23 Wn.2d 155, 160 P.2d 529 (1945); *State ex rel. Lundin v. Superior Court,* 102 Wash. 600, 174 Pac. 473 (1918).

■ To be voluntary, a plea of guilty must be freely, unequivocally, intelligently and understandingly made in open court by the accused person with full knowledge of his legal and constitutional rights and of the consequences of his act. It cannot be the product of or induced by coercive threat, fear, persuasion, promise, or deception. *State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116 (1956); *In re Palmer v. Cranor,* 45 Wn.2d 278, 273 P.2d 985 (1954); *State v. Stacy,* 43 Wn.2d 358, 261 P.2d 400 (1953); *In re Burgess v. Cranor,* 39 Wn.2d 428, 235 P.2d 830 (1951); *In re Pennington v. Smith,* 35 Wn.2d 267, 212 P.2d 811 (1949); *State v. Cimini,* 53 Wash. 268, 101 Pac. 891 (1909).

■ Before accepting a plea of guilty from an accused person, it is the duty and responsibility of the trial judge to satisfy himself that the plea is in fact voluntary, and to ascertain that the accused person fully appreciates and understands the consequences of his plea. This should be done whether the accused is represented by counsel or not, and the trial judge's inquiries together with the accused person's responses should be made a matter of record so that doubt may not later be cast upon the propriety of the proceedings. Though a failure on the part of the trial judge to fully determine the voluntariness of a plea does not necessarily constitute a deprivation of due process of law, such a failure readily lends itself to such a claim. 21 Am.

Jur. 2d *Criminal Law* §§ 486, 487 (1965). See, also, Annotation in 97 A.L.R.2d 549 (1964).

▮ Measuring the proceedings in the instant case against the foregoing concepts, we are satisfied that petitioner's plea of guilty was voluntarily and knowledgeably given. Counsel for respondent, in their brief, advise us that at the time of his arraignment and plea petitioner was 41 years of age and possessed of an imposing record of previous brushes with the law. Petitioner's testimony given in support of the motion to dismiss and his responses to the trial judge's inquiries indicate a fair degree of intelligence. He was represented by competent and experienced counsel, with whom he consulted relative to the advisability of proceeding to trial or entering a plea of guilty. His counsel's statement to the trial judge indicates petitioner acknowledged his culpability. The trial judge advised him of his right to a trial and of the court's willingness to facilitate and implement location of defense witnesses and to otherwise expedite the proceeding. He was twice offered the opportunity to withdraw his plea of guilty. He was advised of the nature and effect of the order of deferred sentence which the trial judge entered and twice admonished by the court as to the consequences of further criminal activity. The record does not reveal nor does petitioner contend that he at any time sought to change his plea of guilty during his probationary period. Instead, it appears that he willingly accepted the liberties conveyed by the order of deferred sentence but was unable to refrain from further law violations. His remorse now comes too late.

We have held that a voluntary plea of guilty waives all defenses other than that the complaint, information, or indictment charges no offense. This includes the right to trial and the incidents thereof. *In re Brandon v. Webb, supra; In re Salter,* 50 Wn.2d 603, 313 P.2d 700 (1957); *State v. Cummings,* 52 Wn.2d 601, 328 P.2d 160 (1958); *State v. Sawyer,* 62 Wn.2d 1, 380 P.2d 726 (1963). Other jurisdictions follow this principle, and extend it to the right to a speedy trial. *Wedmore v. State,* 235 Ind. 148, 131 N.E.2d 465 (1956); *People v. DeCola,* 15 Ill. 2d 527, 155

N.E.2d 622 (1959); *People v. Lybarger,* 22 Ill. 2d 170, 174 N.E.2d 687 (1961); *People v. Simmons,* 26 Ill. 2d 400, 186 N.E.2d 263 (1962); *People v. Pritchett,* 29 Ill. 2d 407, 194 N.E.2d 352 (1963); *Moore v. Hand,* 187 Kan. 260, 356 P.2d 809 (1960); *Moore v. Crouse,* 191 Kan. 323, 380 P.2d 373 (1963); *Partsch v. Haskins,* 175 Ohio St. 139, 191 N.E.2d 922 (1963).

In the instant case, we hold that petitioner's plea of guilty waived his right to now complain of the delay between arrest and hearing.

The application for a writ of habeas corpus is denied.

ROSELLINI, C. J., FINLEY and WEAVER, JJ., and LANGENBACH, J. Pro Tem., concur.