# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| In the Matter of the Personal Restraint of: | No. 57720-8-II |
|---|---|
| RICKY GENE HIATT, | |
| Petitioner. | UNPUBLISHED OPINION |

PRICE, J. — In this personal restraint petition (PRP), Ricky G. Hiatt seeks relief from restraint following his guilty plea to first degree rape of a child. Hiatt alleges that his restraint is unlawful because his guilty plea was involuntary. We deny Hiatt's PRP.

### FACTS

In December 2018, Hiatt was accused of sexually abusing his granddaughter and grandson. The State charged him with three counts of first degree rape of a child, one count of sexual exploitation of a minor, and one count of communication with a minor for immoral purposes. All three counts of first degree rape of a child alleged aggravating circumstances based on abuse of a position of trust, and two of the three alleged the additional aggravating circumstance of an ongoing pattern of sexual abuse of a minor. The State later added a sixth count of witness intimidation.

As the case proceeded, the defense requested nine continuances for things like conducting discovery, interviewing witnesses, accommodating witness availability, and accommodating delays related to the COVID-19 pandemic. For each requested continuance, Hiatt signed a waiver of his right to a speedy trial. The superior court granted each request.

In November 2021, Hiatt agreed to plead guilty. As part of a plea agreement, the State dismissed five of the six counts and all of the aggravating factors. Hiatt's only remaining charge was a single count of first degree rape of a child. Based on Hiatt's criminal history (he had no previous felony convictions), he faced the following sentencing range:

| Count | Offender Score | Seriousness Level | Minimum Term (Standard Range) | Aggravating Factors | Maximum Term[1] | Indeterminate Sentencing Review Board Authority |
|-------|----------------|-------------------|-------------------------------|---------------------|-----------------|--------------------------------------------------|
| 1 | 0 | XII | 93-123 months | - None - | Life in prison and/or a $50,000 fine | Yes |

*See* Clerk's Papers (CP) at 100.[2] The plea agreement provided that the State would recommend an indeterminate sentence with a minimum term of 120 months.

Hiatt pleaded guilty on November 12, 2021. In his written statement of defendant on plea of guilty and during his colloquy with the superior court, Hiatt confirmed that he understood the terms of his plea agreement, that he entered into it freely and voluntarily, and that by pleading guilty he was waiving his right to a speedy and public trial.

Hiatt's granddaughter and her mother, D. West, both spoke at the sentencing hearing. Hiatt's granddaughter told her story of how Hiatt developed a pattern of sexually abusing her, beginning in 2016 at "a father daughter dance—a Cinderella story." Verbatim Rep. of Proc. (VRP) at 103. She described the abuse and how extensive it was, stating,

---

[1] RCW 9.94A.507(3)(b) requires that an individual convicted of sexual offenses, including first degree rape of a child, be sentenced to an indeterminate sentence with a maximum term of the statutory maximum sentence for the offense. Here, that maximum term was life. *See* RCW 9A.44.073; RCW 9A.20.021.

[2] RCW 9.94A.515; RCW 9.94A.510; RCW 9A.20.021; RCW 9A.44.073.

> These occurrences went on for years, eating away at me, until I almost didn't know who I was. I even started lying to my mom and to cover for him.

VRP at 104. She asked the superior court to impose a sentence greater than the 120 months recommended by the State.

West spoke next and explained how her daughter had hidden the abuse from her, and she only learned of it when she found sexually explicit text messages and images on her daughter's phone. Like her daughter, West also asked the superior court to impose a sentence higher than the State's recommendation, stating, "[Hiatt] should spend the rest of his life behind bars" because her daughter "has to live with this for the rest of her life." VRP at 111.

Prior to its sentencing decision, the superior court commented on the seriousness of the facts:

> [W]ithout a doubt, you imposed nothing but utter devastation upon that family. You have engaged in a [reign] of terror . . . .

> When I reviewed the presentence investigation report, I was absolutely shocked. I was well aware of many of the facts but I am just devastated in reading some of that information.

VRP at 118. Following its comments, the superior court departed from the State's recommendation and sentenced Hiatt to an indeterminate sentence with the highest possible minimum term under the standard range of 123 months.

Hiatt filed a timely PRP.

ANALYSIS

Hiatt seeks collateral relief in his PRP based on the claim that his guilty plea was coerced and involuntary. He argues that his plea was involuntary because of the extensive length of his pretrial detention, the conditions of that detention, and his lost faith in his defense counsel's ability

to effectively represent him at trial. However, because Hiatt fails to show that any of his grounds for relief resulted in actual and substantial prejudice, we deny Hiatt's petition.

A personal restraint petition is a collateral attack made on a final judgment or sentence in a criminal case that resulted in the petitioner's limited freedom, confinement, or "some other disability." RAP 16.4. "[C]ollateral attacks on convictions made through a PRP are allowed only in 'extraordinary' circumstances.' " *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011)). Petitioners must overcome a high burden "before this court will disturb a settled judgment." *Kennedy*, 200 Wn.2d at 12.

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or the even higher burden of a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To meet their burden, the petitioner must state with particularity facts that, if proven, would entitle them to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). Bald assertions, conclusory statements, or arguments made in only broad, general terms are insufficient. *Id.* at 886; *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327-28, 394 P.3d 367 (2017).

Whether a guilty plea is knowing, intelligent, and voluntary is a constitutional issue; therefore, in a personal restraint petition based on the voluntariness of a plea, the petitioner must show actual and substantial prejudice. *See In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983); *Swagerty*, 186 Wn.2d at 807. To show this level of prejudice, the petitioner must show that there is a reasonable probability that the petitioner would not have pleaded guilty

and would have instead insisted on going to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011); *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Sandoval*, 171 Wn.2d at 175 (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, " '[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id.* at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

Here, Hiatt makes three arguments as to why his guilty plea was involuntary. First, he claims that the length of his pretrial detention was excessive and resulted in a coerced guilty plea.[3] Second, he relatedly argues that the conditions he experienced in pretrial detention during the early days of the COVID-19 pandemic took a toll on his mental and physical health to the point where "[he] was forced to take a plea as it seemed the only way to end the agonizing and interminable limbo in which he found himself." Pet'r's Suppl. Br. at 27; *see* Pet. App. C at 4-5. Third, he

---

[3] In Hiatt's supplemental brief, he appears to raise additional constitutional claims connected to his argument that the length of his pretrial detention caused him to plead guilty, including a violation of his right to a speedy trial and excessive pretrial financial release conditions. To the extent that Hiatt is making these separate constitutional claims, we decline to address them on the merits. A defendant waives their right to a speedy trial when they plead guilty. *Woods v. Rhay*, 68 Wn.2d 601, 606-07, 414 P.2d 601 (1966). And any challenge to Hiatt's financial release conditions is moot because Hiatt is now serving his sentence—reducing or eliminating his financial release conditions would not provide him with any relief. *See State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (" 'A case is moot if a court can no longer provide effective relief.' ") (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)).

argues that he received ineffective assistance of counsel because his defense attorney unnecessarily continued his case and "unreasonably failed to advocate for pre-trial release," all of which coerced him into pleading guilty. Pet'r's Suppl. Br. at 30.

For all three of these arguments, Hiatt has not met his burden to show actual and substantial prejudice. He only makes the bare allegation that absent the alleged errors, he simply "would have demanded his right to go to trial on the accusations against him."[4] Pet'r's Suppl. Br. at 19. He makes no showing that a decision " 'to reject the plea bargain [and go to trial] would have been rational under the circumstances.' " *Sandoval*, 171 Wn.2d at 175 (quoting *Padilla*, 559 U.S. at 372).

In fact, nothing in the record shows us that it would have been rational for Hiatt to reject this plea agreement. The initial charges had significant consequences. Hiatt was charged with six counts: three counts of first degree rape of a child, one count of sexual exploitation of a minor, one count of communication with a minor for immoral purposes, and one count of witness intimidation. The three counts of first degree rape of a child all included an allegation of aggravating circumstances. If Hiatt had gone to trial on these charges and been found guilty by a jury, he would have faced significantly more prison time. For example, with Hiatt's criminal history, a single count of first degree rape of a child would have been punishable by an indeterminate

---

[4] In his reply brief, Hiatt contends that given his age and the reduced life expectancy of prison inmates, it would have been rational for him to go to trial instead of plead guilty because "[a] minimum term of 123 months is essentially a life sentence for him." Pet'r's Reply Br. at 4. But this contention seems to presume that no elderly defendant would ever be incentivized to plead guilty, because, given their age, any length of sentence could potentially be a "life sentence." This is unsupported. Hiatt could be released at the age of 74 under his current sentence, an achievable age for someone who is already 67.

sentence with a mandatory minimum range of 240 to 318 months.[5] It is also very possible that the superior court would have imposed a sentence well in excess of the bottom of that range because the aggravating circumstances could have provided a basis to impose a standard range sentence at the high end of the sentencing range or provided substantial and compelling reasons to impose an exceptional sentence above the standard sentencing range. In fact, from the superior court's comments at sentencing about the seriousness of the facts, a high sentence was not only possible, but would have been likely.

Further, the case against Hiatt was strong; there were text messages and photos between Hiatt and his granddaughter and, based on the detailed statements and sentencing recommendations made by Hiatt's granddaughter and her mother during sentencing, these witnesses appeared willing to provide compelling testimony against him.

With these consequences and risks in mind, Hiatt received an exceptionally favorable plea agreement. Under the agreement, the State dismissed five of the six charges and dismissed all of the aggravating circumstances. The lowest minimum term for his indeterminate sentence dropped from 240 to 93 months. And what Hiatt actually received as a result of the plea, 123 months, is almost half of the minimum he would have faced if he had gone to trial, even without considering the likely possibility that the superior court would have imposed a sentence well in excess of this minimum.

Thus, given the significant reduction in time Hiatt received by accepting the plea agreement coupled with the strength of the evidence of guilt, we are not convinced that a decision to reject the plea agreement would have been rational under the circumstances. Accordingly, Hiatt has not

---

[5] *See* CP at 1-2; RCW 9.94A.525; RCW 9.94A.515; RCW 9.94A.510.

No. 57720-8-II

met his burden to show that accepting the plea agreement actually and substantially prejudiced him.

CONCLUSION

We deny Hiatt's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

CHE, J.

8