(No. 36910.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNST H. DEWEESE, Plaintiff in Error.

*Opinion filed March 22, 1963.*

PHILLIP C. KAUFFMANN, of Winnetka, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Ernest Deweese, pleaded guilty to two indictments charging him with separate crimes of burglary and was thereafter sentenced by the criminal court of Cook County to concurrent terms of five to ten years in the penitentiary. He prosecutes this writ of error for review contending that the court erred in denying a motion to suppress certain evidence; that his plea of guilty was never accepted by the court; that a motion for a change of venue should have been granted; and that certain prior convictions were improperly proved at the hearing in aggravation and mitigation.

The record discloses that in September, 1959, three indictments charging burglary were returned against defendant and that, upon arraignment, pleas of not guilty were entered to each. In due course defendant made a motion to suppress certain evidence upon the ground that it had been obtained as the result of an unlawful search and seizure but, after a hearing, the motion was denied. When this occurred, defendant's counsel withdrew the pleas of not guilty and entered pleas of guilty to the two indictments involved in this review. The court admonished defendant as to his rights and the consequences of the guilty pleas and, while he was so doing, defendant interrupted and requested a change of venue on the ground that the court was prejudiced against him. Apparently construing defendant's request as an indication that he did not wish to plead guilty, the court next advised defendant he could withdraw the pleas and submit to a court or jury trial as he wished. In a colloquy which followed defendant admitted his guilt, stated that a jury would "kill" him "on his record," and insistently stated no less than three times that he wanted to plead guilty. Finally, after defendant had consulted with his counsel and again manifested a desire to plead guilty, the court accepted the pleas and proceeded to hear witnesses as to the aggravation and mitigation of the two offenses.

In view of his subsequent pleas of guilty, defendant's contention that the trial court erred in denying his motion to suppress is not well taken. A plea of guilty waives any defect not jurisdictional. And where a defendant waives a jury trial and pleads guilty, no issue remains to be tried. (*People* v. *Wilfong*, 19 Ill.2d 406; *People* v. *Claybrooke*, 15 Ill.2d 586.) The right to trial by jury is waived and with it the constitutional guarantees with respect to the conduct of criminal trials unless, of course, the plea of guilty is coerced or otherwise wrongfully obtained. (*People* v. *Grabowski*, 12 Ill.2d 462, 466; *People* v. *Smith*, 23 Ill.2d

512, 514.) Here there is no claim that the guilty pleas were coerced, (indeed the record shows almost vehement insistence on defendant's part,) thus the purported irregularities raised by the motion to suppress must be deemed to have been waived. We would also add in passing that the issue of whether the evidence in question was lawfully or unlawfully obtained rested completely upon a determination of which witnesses were to be believed, a function of the trial court, and that no basis appears for us to disturb his judgment in such matter.

Nor do we find error in the circumstance that defendant was not granted a change of venue. Apart from the fact that the request was pursued no further after defendant's own counsel advised him: "We have already gone too far with this Judge," the decisions of this court make it clear that a motion for a change of venue after the denial of a motion to suppress comes too late. *People* v. *McDonald*, 26 Ill.2d 325; *People* v. *Chambers*, 9 Ill.2d 83.

The contention of defendant that the trial court did not accept his pleas of guilty is equally untenable, and is founded upon the erroneous belief that the court conducted a trial to determine guilt or innocence when he heard evidence after the pleas of guilty were accepted. Not only does the record affirmatively show that the pleas were accepted but, in hearing evidence, the court was doing no more than fulfilling the duty imposed upon it by the Criminal Code "to hear evidence as to the aggravation and mitigation of the offense." Ill. Rev. Stat., 1959, chap. 38, par. 732.

Defendant's final contention, *viz.,* that it was error to admit unauthenticated records showing prior convictions in foreign jurisdictions, must fail on two grounds. First, as defendant recognizes in his brief, there is no showing whether or not the records received were in fact unauthenticated. Second, as distinguished from the situation where evidence of a prior conviction is introduced at a trial as affecting the credibility of an accused, (the situation

336

present in the authorities relied upon by defendant,) we have repeatedly held that informal presentation of a defendant's former record is not erroneous at a hearing in aggravation and mitigation, the trial court not being bound at such hearing by the usual rules of evidence. *People* v. *Bradford*, 23 Ill.2d 30; *People* v. *Grabowski*, 12 Ill.2d 462.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*