THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HAROLD MERRYFIELD, Defendant-Appellee.

Second District No. 79-27

Opinion filed April 29, 1980.—Rehearing denied June 10, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Stephen M. Deitsch, Assistant State's Attorneys, of counsel), for the People.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Harold Merryfield, was charged by indictment with the offense of theft over $150. The trial court dismissed the indictment on the grounds that the failure to prosecute the defendant and bring him to trial within 180 days from the date he made a demand for trial was in violation of the Uniform Agreement on Detainers Act (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9). The State appeals.

Defendant's motion to dismiss was based on the following grounds:

(1) that the proceedings against the defendant were initiated by a complaint on January 27, 1977, and served upon him on February 4, 1977;

(2) that on May 19, 1977, he made a written demand for a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 103—5);

(3) that he had been continuously in the custody of Federal authorities from April 12, 1977, to the present time (October 16, 1978);

(4) that on December 12, 1977, he filed a second demand for a

speedy trial stating that he was then incarcerated in the Federal correctional center in Oxford, Wisconsin;

(5) that on December 22, 1977, he filed a third demand for a speedy trial stating that he was then incarcerated at the Federal Metropolitan Center in Chicago, Illinois;

(6) that his demands for speedy trial of December 12 and December 22, 1977, complied with the notice requirements of article III(a) of the Uniform Agreement on Detainers Act (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9, art. III(a));

(7) that on February 3, 1978, the Du Page County State's Attorney was aware that he was in the custody of Federal authorities;

(8) that more than 180 days have elapsed since the filing of the said demands for trial;

(9) and that his trial had not as yet commenced and that he had in no way acquiesced in or caused the delay.

The defendant's motion to dismiss was filed on October 3, 1978, and granted by the judge on October 16, 1978. In granting the motion, the trial judge found that the defendant had substantially complied with the Uniform Agreement on Detainers Act in that the defendant had made a demand in writing for speedy trial and the demand had been served upon the State's Attorney of the prosecuting county.

The single issue on appeal is whether the defendant substantially complied with the requirements of the Uniform Agreement on Detainers Act (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9, hereafter referred to as the Detainer Act), and thus is entitled to discharge of the matter pending against him in this case.

The Detainer Act provides a procedure whereby either the prisoner, under article III (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9, art. III), or the State, under article IV (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9, art. IV), may activate the statutory machinery. The present case deals with the situation where the defendant-prisoner initiated the operational procedures under the provisions of article III.

Article III(a) of the Detainer Act reads as follows:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment,

information or complaint: provided that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." (Emphasis added.)

It is evident from a reading of the statute that in order for the provisions of article III of the Detainer Act to apply a detainer must have been lodged against a prisoner who is serving a term of imprisonment in a party State or in a Federal penal institution. (*People v. Daily* (1977), 46 Ill. App. 3d 195, 200; see *United States v. Ricketson* (7th Cir. 1974), 498 F.2d 367, 372-73, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 227.) As was stated in *People v. Daily*, "[t]he Agreement does not provide relief for those accused of a crime in another jurisdiction and incarcerated in a party State when no detainer has been lodged." 46 Ill. App. 3d 195, 200.

■■ In this case, the parties on oral argument agreed that no detainer had ever been lodged with the Federal authorities having custody of the defendant, and a search of the record discloses this to be the fact. The defendant was not, therefore, entitled to the benefits of the Detainer Act.

Further, even if a detainer had been lodged in this case, the defendant did not substantially comply with the requirements of the Detainer Act.

Upon notice to the State's Attorney, the defendant's attorney filed a demand for speedy trial on behalf of the defendant on December 12, 1977, and again on December 22, 1977. In the December 12 demand, he represented that the defendant was an inmate of a Federal correctional institution in Wisconsin, and in his December 22 demand, he represented that the defendant was an inmate in a Federal correctional center in Chicago, Illinois. In neither demand for speedy trial was there any indication that the demand for trial was made pursuant to the provisions of the Detainer Act. The December 12 demand did not refer to any statutory authority; the demand of December 22 was made pursuant to the speedy trial provisions of section 103—5 of the Code of Criminal Procedure. Ill. Rev. Stat. 1977, ch. 38, par. 103—5.

By his demands for speedy trial, the defendant did cause to be delivered to the prosecuting officer and the appropriate court (1) written notice of his place of imprisonment and (2) his request for a final

disposition to be made of the charge pending against him. Based on these facts, that the defendant had made a demand for speedy trial in writing and had served the demand upon the State's Attorney, the trial court found substantial compliance with the requirements of the Detainer Act, even though the defendant had failed to send notice to the warden of the prison in which he was incarcerated.

This finding, as we have indicated, was in error. The 180-day period during which the defendant-prisoner must be brought to trial does not commence to run until after the operational procedures set forth in the statute are effectuated. (*People v. Uplinger* (1977), 69 Ill. 2d 181, 187; *People v. Wolever* (1976), 43 Ill. App. 3d 25, 30.) Article III(a) of the Detainer Act requires that the request for final disposition shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner. The defendant's request for final disposition was not accompanied by the required certificate.

Actually, the Detainer Act contemplated that the request for final disposition set forth in article III(a) would not be filed by the defendant directly with the trial court as was done in this case, but rather, pursuant to the provisions of article III(b), the prisoner was to send his written notice and request for final disposition to the warden having custody of him. It was then the warden's obligation to forward it, together with the aforesaid certificate, by registered mail to the State's Attorney and the court. By not sending a written notice and request for final disposition to his warden, the defendant failed to initiate the procedure under article III(b) which would have caused the certificate, as well as the notice and request for final disposition, to be mailed by the warden to the State's Attorney and the court. Thus, the defendant has failed to comply with the statutory provisions of the Detainer Act. *People v. Uplinger*, at 187-88.

Nor can the provisions of article III(c) of the Detainer Act (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9, art. III(c)) aid the defendant in this case. Article III(c) places upon the warden having custody of the defendant the obligation to apprise the defendant of the source and contents of any detainer lodged against him and also to inform him of his right to make a request for final disposition of the charge on which the detainer is based. Since no detainer was lodged with the warden in this case and the defendant failed to send his request for final disposition to the warden, the warden's obligation under the terms of article III(c) never arose. When the defendant and his attorney do not rely on the warden or simply ignore him, the burden of compliance with the provisions of this

Act rests with the defendant. *People v. Daily* (1977), 46 Ill. App. 3d 195, 202.

The trial court erred in granting the defendant's motion to dismiss the indictment; its order of October 16, 1978, is vacated and the cause is remanded to the circuit court of Du Page County for trial.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.