THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Respondent-Appellee, *v.* STEPHEN M. BEFELD, Defendant-Petitioner-Appellant.

Third District   No. 79-505

Opinion filed December 2, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, and John H. Reid and Patricia Morris, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Melbourne A. Noel, Jr., and Michael Vujovich, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The sole issue presented for review is whether the trial court erred in denying a petition for writ of *habeas corpus* without holding a full evidentiary hearing. The matter is before us on an agreed statement of facts.

On January 21, 1974, petitioner, Stephen M. Befeld, a/k/a Karl Dean Schlobohm, was charged in Peoria County with armed robbery and theft by deception. He failed to appear for arraignment or further proceedings. In March 1975, petitioner was convicted of an unrelated charge and sentenced to a term of imprisonment in a Federal penitentiary. A presentence investigation report filed by Federal authorities stated that the Peoria County State's Attorney had indicated he would ask for petitioner's

extradition after disposition of the Federal charges. There was also a statement that the Illinois Attorney General had indicated he would extradite petitioner.

On June 24, 1975, petitioner wrote to Ronald Hanna, an assistant State's Attorney for Peoria County, informed Hanna of his Federal incarceration in Missouri and asked to have the Peoria County charges disposed of while he was serving his Federal sentence.

On July 10, the Peoria County State's Attorney was granted a writ of *habeas corpus ad prosequendum* commanding production of petitioner. On August 5, 1975, petitioner was arraigned in Peoria and on August 7, 1975, he pleaded not guilty. Trial was set for November 17, 1975, and the petitioner was returned to the Federal penitentiary.

On November 25, 1975, the Peoria County State's Attorney was granted another writ of *habeas corpus ad prosequendum* and the petitioner was returned to Peoria on December 1, 1975. He pleaded guilty to armed robbery and theft by deception and was sentenced to terms of imprisonment to run concurrently with his Federal sentence. Prior to pleading, petitioner made a motion for dismissal based on denial of his right to speedy trial. This motion was denied. On January 16, 1976, petitioner filed a motion to vacate his pleas of guilty, alleging that the trial court erred in denying his motion for dismissal. This motion to vacate his guilty pleas was denied on February 4, 1976.

On January 23, 1979, petitioner filed a petition for *habeas corpus*. He alleged that a detainer had been placed against him; that he had requested speedy disposition of the charges against him in Peoria County; that he had twice appeared in Peoria County; that Illinois had violated the Interstate Agreement on Detainers (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—9, art. IV(e)) by returning him to Federal custody between his court appearances; and that as a result he was entitled to dismissal of the charges against him. On March 8, 1979, respondent, People of the State of Illinois, filed a motion for summary judgment alleging that petitioner had filed an identical petition in the Federal district court. The Federal court petition was denied on July 18, 1978. Judge Morgan ruled that the Interstate Agreement on Detainers had not been violated because a writ of *habeas corpus ad prosequendum* is not a detainer as required by the Agreement. (*United States ex rel. Schlobohm v. Medical Center for Federal Prisoners* (S.D. Ill. 1978), 453 F. Supp. 618.) On May 3, 1979, petitioner filed a reply to the motion for summary judgment alleging that the present petition for *habeas corpus* did not raise the same issue as was raised in the Federal court. He did not argue that the writ of *habeas corpus ad prosequendum* was a detainer but did argue that the information received by Federal authorities and contained in the Federal presentence report was such a detainer. The petition was denied on June 1,

1979. The trial court considered only those matters already of record and the arguments of counsel. No evidentiary hearing was held.

■■■ Petitioner argues that the information contained in the Federal presentence report operated as a detainer and thereby made the provisions of the Interstate Agreement on Detainers applicable to the charges against him in Peoria County. The purpose of the Agreement is twofold: to provide procedures so that a member State may easily obtain, for trial, a prisoner incarcerated in another member State and so that the prisoner may obtain speedy disposition of charges against him in a member State. The Agreement becomes applicable to a particular case only when the State in which charges are pending files a detainer with the State in which the prisoner is incarcerated. (*United States v. Mauro* (1978), 436 U.S. 340, 56 L. Ed. 2d 329, 98 S. Ct. 1834.) A request for disposition by a prisoner against whom no detainer has been filed is insufficient. (*United States v. Mauro.*) A detainer is, "* * * 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " (*United States ex rel. Esola v. Groomes* (3d Cir. 1975), 520 F.2d 830, 838; *United States v. Mauro.*) The detainer must be a formal notice initiated by a prosecuting or law enforcement agency within the member State where criminal charges are pending that the prisoner is wanted to face criminal charges and the notice must be filed with the institution in which the prisoner is serving a sentence. Anything less than a formal notice is insufficient. Therefore, we must conclude that the Interstate Agreement on Detainers does not apply in this case.

There has been some discussion by both petitioner and respondent regarding the writ of *habeas corpus ad prosequendum.* The United States District for the Southern District of Illinois, Northern Division, has ruled that the writ is not a detainer for purposes of the Agreement. (*United States ex rel. Schlobohm v. Medical Center for Federal Prisoners.*) We do not believe further consideration of that matter by this court is merited.

■■ We also note that petitioner, prior to his guilty pleas in Peoria County, filed a motion for dismissal based on his right to speedy trial and that the same was denied. It is clear from the record that the State's Attorney of Peoria County was notified on June 24, 1975, of petitioner's desire for speedy disposition of the charges against him. On July 10, 1975, the State's Attorney filed a petition for writ of *habeas corpus ad prosequendum.* On August 5, 1975, petitioner was arraigned in Peoria. He was given time to consult an attorney, and on August 7, 1975, petitioner pleaded not guilty and trial was set for November 17, 1975. For some reason which is unclear, the trial did not commence. On November 25, 1975, another writ was granted and petitioner appeared in court on December 1, 1975, at which time he pleaded guilty. It is clear from this

chronological recitation of the events which resulted in the petitioner's conviction in the Circuit Court of Peoria County that there is no merit to his contention that he was denied a speedy trial. The rules regarding speedy trial are not absolute. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.) Courts must carefully weigh the reasons for the delay. (*Moore v. Arizona* (1973), 414 U.S. 25, 38 L. Ed. 2d 183, 94 S. Ct. 188.) The provisions of the speedy trial statute are not jurisdictional. (*People v. Lybarger* (1961), 22 Ill. 2d 170, 174 N.E.2d 687.) A plea of guilty waives any nonjurisdictional defects. (*People v. DeWeese* (1963), 27 Ill. 2d 332, 189 N.E.2d 247.) A plea of guilty after denial of a motion for dismissal based on lack of speedy trial operates as a waiver of the benefits of the statute.

Since the provisions of the Interstate Agreement on Detainers does not apply to the facts before us, we must rule that petitioner failed to state a cause of action under the Agreement. Therefore, no evidentiary hearing was required, and the failure of the trial court to hold such a hearing was not error.

For the reasons stated above, the judgment of the Circuit Court of Peoria County is hereby affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.