THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY HOOD, Defendant-Appellant.

Third District   No. 3—90—0841

Opinion filed December 18, 1991.

Lori L. Mosby, of State Appellate Defender's Office, of Springfield, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant, Gregory Hood, was convicted of four counts of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2). On appeal, defendant contends that the trial court erred in denying his motion to dismiss which was based on the failure to bring him to trial within 180 days of his attempted request for disposition under the interstate agreement on detainers (the Agreement) (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—9). Defendant also contends that the trial court erred in refusing to instruct the jury on impeachment by prior inconsistent statements. Because no detainer had been lodged against the defendant at the time of his attempted request and because the jury was properly instructed, we affirm.

On April 26, 1989, defendant was charged by information with the armed robbery of Dominic Younker, and a warrant was issued for his arrest. On June 3, 1989, defendant was arrested by the Fort Meyers, Florida, police department on unrelated charges. On that date, the Fort Meyers police department sent a communication to the La Salle County sheriff's office asking if La Salle County held any outstanding warrants on the defendant. The La Salle County sheriff's office responded that they held a valid warrant on the defendant for armed robbery and asked the Fort Meyers police department to let them know if the defendant would sign a waiver of extradition.

Defendant was sentenced to five years in the Florida Department of Corrections on August 16, 1989. On November 16, 1989, the circuit clerk of La Salle County received Agreement forms from the defendant requesting disposition of the Illinois charge.

On November 17, 1989, the La Salle County State's Attorney's office issued a second warrant against the defendant. On March 19, 1990, the Florida Department of Corrections indicated that it was treating the November 17 warrant as a detainer. The Florida Department of Corrections then filed the appropriate Agreement forms on behalf of the defendant requesting disposition of the Illinois charge. These forms were filed with the La Salle County circuit court and the La Salle County State's Attorney's office, and were file stamped by the circuit clerk on June 29, 1990. The defendant was returned to Illinois on July 16, 1990. On July 24, 1990, the defendant was indicted for the armed robberies of Dominic Younker, Claire Garner, George Blue, and Rudy Marjercin. All four robberies allegedly occurred on April 25, 1989.

Prior to trial, the defendant filed a motion to dismiss the charges alleging that the State had failed to try him within 180 days of his request for final disposition of the original charge as required by the

Agreement. After a hearing, the motion was denied. The trial began on October 2, 1990. The defendant was found guilty on all four counts of armed robbery and was sentenced to four concurrent 22-year prison terms.

We first address the defendant's contention that the charges against him should have been dismissed. The defendant contends that he made a proper request for disposition under the Agreement on November 16, 1989, when he sent Agreement forms to the clerk of the circuit court of La Salle County. Because he was not tried within 180 days of this request, defendant argues that the charges against him should have been dismissed. We do not agree.

The purpose of the Agreement is to provide procedures so that a member State can easily obtain, for trial, a prisoner incarcerated in another member State and so that the prisoner may obtain a speedy disposition of the charges against him in a member State. (*People v. Befeld* (1980), 90 Ill. App. 3d 772, 413 N.E.2d 550.) The instant case involves Article III (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—9), which allows the prisoner to initiate the operational procedures of the Agreement. Article III provides in relevant part:

> "(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint ***. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—9.

■ The provisions of the Agreement apply only when a detainer has been lodged against a prisoner who has entered a term of imprisonment in a party State. (*People v. Daily* (1977), 46 Ill. App. 3d 195, 360 N.E.2d 1131.) A request for disposition by a prisoner against

whom no detainer has been filed is insufficient. (*United States v. Mauro* (1978), 436 U.S. 340, 56 L. Ed. 2d 329, 98 S. Ct. 1834.) The term "detainer" is not defined in the Agreement. In *People v. Befeld* (1980), 90 Ill. App. 3d 772, 774, 413 N.E.2d 550, 552, this court defined a "detainer" as:

> " 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' [Citations.] The detainer must be a formal notice initiated by a prosecuting or law enforcement agency within the member State where criminal charges are pending that the prisoner is wanted to face criminal charges and the notice must be filed with the institution in which the prisoner is serving a sentence. Anything less than a formal notice is insufficient."

In *Befeld,* the defendant was charged in Peoria County with armed robbery and theft by deception. He was subsequently convicted of an unrelated charge and sentenced to a term of imprisonment in a Federal penitentiary. A presentence investigation report filed by Federal authorities stated that the Peoria County State's Attorney and the Illinois Attorney General had indicated that they would attempt to extradite the defendant after disposition of the Federal charges. The defendant argued that Illinois had lodged a detainer against him based on the information received by the Federal authorities concerning the Illinois charges and the intention of the Illinois authorities to attempt extradition. The court held that the sending of such information by the Illinois authorities did not constitute a detainer. The court found that there was no formal notice of the pending Illinois charges sent to the institution in which the prisoner was serving a sentence.

The alleged detainer which the defendant relies on in this case is the June 3, 1989, communication between the Fort Meyers police department and the La Salle County sheriff's office. In that communication the Fort Meyers police department inquired as to whether La Salle County held any active warrants against the defendant. The La Salle County sheriff's office responded that it held a valid warrant against the defendant for armed robbery. The defendant characterizes this communication as a filing of a warrant for the defendant's arrest with the Fort Meyers police department and cites authority for the proposition that a warrant can suffice as a detainer (*People v. Daily* (1977), 46 Ill. App. 3d 195, 360 N.E.2d 1131).

Initially, we note that the La Salle County sheriff's office did not file a warrant with the Fort Meyers police department but rather referred to a warrant in response to the Fort Meyers inquiry. Moreover,

even if we were to characterize this communication as a filing of a warrant, there is no indication that the Fort Meyers police department considered this communication to be a detainer as the authorities did in the case relied on by the defendant. (*Dailey*, 46 Ill. App. 3d at 201, 360 N.E.2d at 1136.) Finally, as this court held in *Befeld*, formal notice of the detainer must be filed with the institution in which the prisoner is *serving a sentence*. The defendant was arrested by the Fort Meyers police on June 3, but he was not serving a sentence until he was incarcerated in the Florida Department of Corrections on August 12. There is no evidence that this alleged detainer was filed with the Florida Department of Corrections. This interoffice communication is simply not the type of formal notice required to constitute a detainer under *Befeld*. Because no detainer had been lodged against the defendant when he made his November 16 request for disposition, that request was ineffective and did not commence the 180-day period under the Agreement.

On November 17, 1989, a second warrant was issued against the defendant in La Salle County. On March 19, 1990, the Florida Department of Corrections returned a confirmation of receipt of the November 17 warrant and indicated that it was considering the warrant to be a detainer. The Florida Department of Corrections then sent the appropriate forms on behalf of the defendant requesting final disposition of the Illinois charge. This group of documents conformed to the requirements of the Agreement and was file stamped on June 29, 1990. Therefore, the 180-day period began to run on June 29, 1990. The trial began on October 2, 1990, well within the 180-day period. Thus, the State did not violate the Agreement, and the trial court properly denied the defendant's motion to dismiss.

Defendant next contends that the trial court erred in refusing to instruct the jury on impeachment by prior inconsistent statements. The record shows that the four robberies with which the defendant was charged took place in an illegal gambling establishment on April 25, 1989. The State presented the testimony of the four victims and a fifth eyewitness. On cross-examination, defense counsel established that each witness had given a statement to the police soon after the incident and that none of the witnesses had informed the police that the scene of the crime was a gambling establishment and that they had been participating in gambling activities at the time of the offense.

■ The witnesses' statements to the police were admitted into evidence as prior inconsistent statements under section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38,

par. 115—10.1). Section 115—10.1 allows for prior inconsistent statements to be admitted as substantive evidence in criminal cases under certain circumstances. Section 115—10.1 provides in relevant part:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

\* \* \*

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

(A) the statement is proved to have been written or signed by the witness." (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1.)

Because the prior inconsistent statements in this case were admitted as substantive evidence, the jury was free to consider them both as proof of the facts at issue in the case.

The instruction tendered by the defendant is a limiting instruction which allows the jury to consider the prior inconsistent statements of a witness only for the purpose of deciding the weight to be given the testimony of that witness. (Illinois Pattern Jury Instructions, Criminal, No. 3.11 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 3.11).) The committee note to IPI Criminal 2d No. 3.11 states that the instruction should not be given when the only prior inconsistent statements admitted at trial are admitted as substantive evidence under section 115—10.1. (IPI Criminal 2d No. 3.11, Committee Note, at 69 (Supp. 1989).) Therefore, the trial judge was correct in denying the instruction.

For the reasons stated above, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

STOUDER, P.J., and HAASE, J., concur.