NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190144-U

NO. 4-19-0144

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 31, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| RANDY H. TRAMS, | ) | No. 15CF386 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raylene Grischow, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's order granting the State's motion to dismiss defendant's postconviction petition where no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. Defendant, Randy H. Trams, filed, *pro se*, a response in opposition to OSAD's motion to withdraw, alleging several issues merit review. The State asserts OSAD's motion to withdraw is proper where there exist no meritorious issues for review. For the reasons that follow, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4                              A. Trial Proceedings

¶ 5      On April 15, 2015, the State charged defendant with (1) intimidation (720 ILCS 5/12-6(a)(5) (West 2014)) (count I) and (2) cyberstalking (720 ILCS 5/12-7.5(a)(2) (West 2014)) (count II).  On July 6, 2015, over defendant's objection, the trial court granted the State's motion for a $10,000 recognizance bond in order to transfer defendant to Missouri on a parole hold.  On September 26, 2016, defendant's attorney filed a motion to continue defendant's trial to November 28, 2016.

¶ 6      On October 4, 2016, defendant filed, *pro se*, a motion for final disposition pursuant to the Agreement on Detainers (Agreement) (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)). In the motion, defendant notified the trial court he was currently in custody of Warden Bill Harris at Fulton Reception and Diagnostic Center—a state prison in the Missouri Department of Corrections and requested the court transfer him to Illinois for disposition on his pending charges in this case.

¶ 7      On March 30, 2017, the Sangamon County Sheriff's Office issued a detainer to the Missouri Department of Corrections against defendant in this case.  On the same day, the Missouri Department of Corrections filed a certificate of inmate status regarding defendant as required under the Agreement.

¶ 8      On April 3, 2017, defendant appeared before the trial court via video teleconference.  The court asked defendant, "Okay do you understand that you have a court date tomorrow morning at 10:00 a.m. in front of Judge Graves?"  Defendant responded, "It's new to me but okay."  The docket showed "[b]y agreement of the parties" the case was continued to the next day.

¶ 9      On April 4, 2017, defendant filed a motion to dismiss, alleging a violation of the speedy-trial provision of the Agreement (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)), where he

was not brought to trial within 180 days of his October 4, 2016, request for final disposition. The trial court did not hold a hearing on the motion to dismiss.

¶ 10        Also on April 4, 2017, defendant appeared before the trial court to enter a guilty plea. The State amended count I of the information to attempted intimidation, a Class A misdemeanor, and dismissed count II in exchange for the defendant pleading guilty to amended count I. Defendant knowingly and voluntarily entered the negotiated guilty plea. Pursuant to the negotiated plea, the court sentenced defendant to 364 days in jail with credit for 729 days served awaiting trial and 24 months' conditional discharge.

¶ 11        On April 24, 2017, defendant filed a *pro se* motion to vacate his plea. In the motion, defendant alleged the trial court lacked jurisdiction to accept his guilty plea where "more than 180 days had lapsed since the [d]efendant's October 4, 2016[,] demand, this [c]ourt lost jurisdiction on April 2, 2017, therefore this [c]ourt could not lawfully accept the [d]efendant's April 4, 2017[,] plea." On June 6, 2017, defendant moved for the reappointment of a public defender, which the court granted. On July 28, 2017, defendant withdrew his *pro se* motion to vacate his plea. On August 11, 2017, defendant filed, *pro se*, a notice of appeal from the April 4, 2017, judgment. On September 19, 2017, this court denied defendant's motion for leave to appeal as untimely.

¶ 12                    B. Postconviction Proceedings

¶ 13        On September 13, 2017, defendant filed, *pro se*, a postconviction petition alleging (1) the trial court lacked jurisdiction to accept his April 4, 2017, guilty plea where more than 180 days lapsed since his October 4, 2016, request for final disposition in violation of the Agreement and (2) ineffective assistance of trial counsel where counsel allowed defendant to plead guilty despite the tolling of the speedy-trial provision under the Agreement. On January 10, 2018, the

trial court advanced defendant's petition to second stage proceedings and appointed counsel to represent defendant. On January 25, 2018, the State filed a motion to dismiss defendant's petition.

¶ 14   On June 8, 2018, appointed postconviction counsel filed a first amended petition for postconviction relief, alleging under the United States Constitution and the Illinois Constitution (1) defendant's right to a speedy trial was violated when defendant was not brought to trial within 180 days after his speedy trial demand pursuant to section 3-8-9(a)(III)(a) of the Agreement (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)) and (2) ineffective assistance of trial counsel where counsel permitted defendant to plead guilty despite filing an April 4, 2017, motion to dismiss. In the amended petition, counsel acknowledged the petition "incorporates the [a]ffidavit(s) and other evidence referenced herein[,]" but "[defendant] has not attached a copy of the record of the proceeding, as it is lengthy and cumbersome; however, these documents are contained in the court file." Appointed counsel also filed an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate.

¶ 15   On September 13, 2018, the State filed an amended motion to dismiss the first amended postconviction petition. In the motion, the State argued defendant failed to (1) meet the requirements for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-2 (West 2016)), where (a) defendant failed to attach "affidavits, records, or other evidence" to the postconviction petition as required by the Postconviction Act and (b) defendant lacked standing; (2) meet the necessary requirements under the Agreement where (a) defendant filed a motion for final disposition prior to the filing of a detainer and (b) defendant failed to attach a certificate of custody to his motion for final disposition; (3) show noncompliance with the Agreement; (4) show a violation of his right to a speedy trial under the United States

- 4 -

Constitution and Illinois Constitution; and (5) show ineffective assistance of trial counsel. On October 30, 2018, defendant filed a response to the State's amended motion to dismiss, arguing the record did not positively rebut defendant's claims, thus his factual allegations must be taken as true.

¶ 16        At a February 6, 2019, hearing on the State's amended motion to dismiss defendant's first amended postconviction petition, the trial court heard arguments from both parties and took the matter under advisement. On February 14, 2019, the court issued a written order granting the State's amended motion to dismiss. The court determined defendant had standing to file his postconviction petition where he was still serving his sentence for conditional discharge. The court then identified the two issues in defendant's first amended postconviction petition and found as follows:

> "Regarding the first issue, the State argues that the 180 [day] countdown commences on March 30, 2017, the date the detainer was issued. The defendant argues the [*sic*] October 4, 2016[,] is the controlling date. If defendant's argument is accepted, the 180 days would have expired on Sunday, April 2, 2017. Since this date was a Sunday, the due date moves to Monday, April 3, 2017, 5 ILCS 70/1.11 [(West 2016)]. On that same day, the case was called for a status hearing and, by agreement of both parties, the cause was set for a status/plea hearing the next day at 10:00 am. Since both parties agreed to continue the matter to April 4, 2017, petitioner-defendant's argument must fail.

As an aside, it should be noted that defendant, through his attorney, agreed to continue the trial date of September 26, 2016, to November 28, 2016. Regardless if this [c]ourt were to accept [defendant's] *pro se* filing of motion for final disposition on October 4, 2016, while still being represented by counsel, both he and his attorney had already agreed to the November 28, 2016[,] trial date. Thus the days between October 4, 2016[,] and November 28, 2016[,] should not be counted against his speedy trial countdown as he already had a trial date scheduled.

* * *

As to the second issue of ineffective assistance of counsel, this too must fail. Applying the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), defendant failed to show how counsel's performance was deficient in not arguing the motion to dismiss on April 4, 2017. Defendants retain certain rights and those rights include making decisions that involve 'fundamental rights.' *People v. Pondexter*, 214 Ill. App. 3d 79, 87 (1991). 'Decisions involving "fundamental rights" include the decision whether to plead guilty or not guilty…' *Id.* Counsel retains the right [to] control the day to day conduct of the defense. The decision to plead guilty was exclusively the decision of [defendant]. The transcript of his plea is in the court file and the

- 6 -

transcript reveals that his plea was made knowingly and

voluntarily and that he suffered no prejudice."

¶ 17       This appeal followed.  On appeal, OSAD, appointed counsel for defendant, filed a

motion for leave to withdraw as defendant's counsel and attached a memorandum of law, citing

*Pennsylvania v. Finley*, 481 U.S. 551 (1987), *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d

655, and *People v. Meeks*, 2016 IL App (2d) 140509, 51 N.E.3d 1109.

¶ 18                                    II. ANALYSIS

¶ 19       On appeal, OSAD argues this case presents no potentially meritorious issues for

review.  Defendant filed, *pro se*, a response in opposition to OSAD's motion to withdraw,

alleging several issues merit review.  The State asserts OSAD's motion to withdraw is proper

where there exists no meritorious issues for review.  We grant appellate counsel's motion to

withdraw and affirm the trial court's judgment.

¶ 20       The Postconviction Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a means

by which a defendant may challenge his conviction for violations of federal and state

constitutional rights.  *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006).

The Postconviction Act provides a three-stage process by which a defendant may obtain a

remedy for the substantial denial of his constitutional rights at trial.  *Id.* at 472.  At the first stage,

the trial court has 90 days to review a petition and may summarily dismiss it if the court finds the

petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2016)).  If the

petition is not dismissed within the 90-day period, the court must docket it for further

considerations.  725 ILCS 5/122-2.1(b) (West 2016)).

¶ 21       At the second stage of proceedings, counsel may be appointed for an indigent

defendant.  725 ILCS 5/122-4 (West 2016).  After counsel has made any necessary amendments

to the petition, the State may move to dismiss a petition pending before the trial court. 725 ILCS 5/122-5 (West 2016). The trial court must take all well-pleaded facts in the petition and affidavits as true. *People v. Coleman*, 183 Ill. 2d 366, 380-81, 701 N.E.2d 1063, 1071-72 (1998). A defendant is entitled to a third-stage evidentiary hearing if he makes a substantial showing of a violation of constitutional rights. *Id.* at 381. "To accomplish this, the allegations in the petition must be supported by the record in the case or by its accompanying affidavits." *Id.* The dismissal of a postconviction petition is warranted only when the petition's allegations of fact—liberally construed in favor of the defendant and in light of the original trial record—fail to make a substantial showing of a constitutional violation. *Id.* at 382. We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *People v. Brown*, 2017 IL 121681, ¶ 24, 102 N.E.3d 205.

¶ 22   A. Defendant's First Amended Postconviction Petition Allegations

¶ 23   OSAD moves to withdraw, arguing this appeal presents no meritorious argument the trial court erroneously granted the State's amended motion to dismiss defendant's first amended postconviction petition. Defendant's first amended postconviction petition alleged (1) defendant's constitutional right to a speedy trial was violated when defendant was not brought to trial within 180 days after his speedy-trial demand pursuant to the Agreement (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)) and (2) ineffective assistance of counsel where counsel permitted defendant to plead guilty despite filing an April 4, 2017, motion to dismiss based on a violation of the speedy trial provision of the Agreement. While the trial court found defendant had standing to file a postconviction petition, it granted the State's amended motion to dismiss where defendant failed to make a substantial showing of a constitutional violation. OSAD argues defendant's claims present no potentially meritorious issues for review.

¶ 24                                    1. *Standing*

¶ 25          The Postconviction Act provides "[a]ny person imprisoned in the penitentiary may institute a proceeding under this Article." 725 ILCS 5/122-1(a) (West 2016). The Illinois Supreme Court determined a defendant serving a period of mandatory supervised release at the time he filed his postconviction petition was entitled to seek relief under the Postconviction Act as he "had not served his sentence and was still subject to being confined as a result of his conviction." *People v. Correa*, 108 Ill. 2d 541, 546, 485 N.E.2d 307, 309 (1985).

¶ 26          Here, OSAD asserts the trial court correctly ruled defendant had standing to bring his claims under the Postconviction Act. The trial court found defendant had standing to seek relief under the Postconviction Act because at the time defendant filed his postconviction petition he was on conditional discharge.

¶ 27                                    2. *Waiver*

¶ 28          OSAD also addresses whether defendant waived the claims in his first amended postconviction petition. On April 24, 2017, defendant filed, *pro se*, a motion to vacate his plea. In the motion, defendant alleged the trial court lacked jurisdiction to accept his guilty plea arguing that where "more than 180 days had lapsed since the [d]efendant's October 4, 2016[,] demand, this [c]ourt lost jurisdiction on April 2, 2017, therefore this [c]ourt could not lawfully accept the [d]efendant's April 4, 2017[,] plea." However, on July 28, 2017, defendant withdrew his *pro se* motion to vacate his plea. On August 11, 2017, defendant filed, *pro se*, a notice of appeal from the April 4, 2017, judgment. On September 19, 2017, this court denied defendant's motion for leave to appeal as untimely. Subsequently, defendant filed his first amended postconviction petition.

¶ 29          Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

* * *

*** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."

¶ 30      "Thus, by its explicit terms, Rule 604(d) states that issues not preserved in a motion to vacate a guilty plea are waived." *People v. Stewart*, 123 Ill. 2d 368, 374, 528 N.E.2d 631, 634 (1988). We note the waiver rule applies to postconviction proceedings. *Id.*

¶ 31      While defendant failed to preserve his claims in a motion to vacate his guilty plea, the trial court declined to dismiss defendant's claims on waiver grounds and considered the underlying merits of defendant's postconviction claims. Moreover, because forfeiture is a limitation on the parties and not the reviewing court, we analyze the merits of defendant's postconviction claims. See *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65, 48 N.E.3d 185.

¶ 32                        3. *Agreement on Detainers*

¶ 33      Article III(a) of the Agreement (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)) provides:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state,

and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or *complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint*: provided that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." (Emphasis added.)

¶ 34       Under the Agreement, after a detainer is lodged against a prisoner, the prisoner then requests disposition of the outstanding charges by providing the prosecutor and the trial court where the charges are filed with notice of his place of imprisonment and a demand for final disposition. *People v. Hood*, 223 Ill. App. 3d 157, 159, 583 N.E.2d 1173 1175 (1991) (citing

730 ILCS 5/3-8-9(a)(III)(a) (West 2016)). The request for final disposition shall be accompanied by a certificate from a custodial official advising the prosecutor and the court of the particulars of the prisoner's term of commitment. 730 ILCS 5/3-8-9(a)(III)(a) (West 2016).

¶ 35 "The 180 day period during which defendant-prisoner must be brought to trial does not commence to run until after the operational procedures set forth in the statute are effectuated." *People v. Merryfield*, 83 Ill. App. 3d 1017, 1021, 404 N.E.2d 907, 909 (1980). After a detainer has been lodged and a request for a final disposition has been made, the Agreement states the prisoner "shall be brought to trial within 180 days." 730 ILCS 5/3-8-9(a)(III)(a) (West 2016).

¶ 36 Although the Agreement does not define "detainers," Illinois courts have determined a detainer is " 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " *Hood*, 223 Ill. App. 3d at 159-60 (quoting *People v. Befeld*, 90 Ill. App. 3d 772, 774, 413 N.E.2d 550, 552 (1980)). " '[A] detainer must be a formal notice initiated by a prosecuting or law enforcement agency within the member State where criminal charges are pending that the prisoner is wanted to face criminal charges and the notice must be filed with the institution in which the prisoner is serving a sentence.' " *Id.*

¶ 37 Here, defendant argued in his first amended postconviction petition that his October 4, 2016, motion for final disposition started the 180-day clock under the Agreement. Therefore, defendant asserted his constitutional right to a speedy trial was violated when he was not brought to trial within 180 days after his speedy trial demand.

¶ 38 The Agreement outlines a detainer must be lodged before a defendant can file a request for final disposition. 730 ILCS 5/3-8-9(a)(III)(a) (West 2016); *Merryfield*, 83 Ill. App.

3d at 1020 ("It is evident from a reading of the statute that in order for the provisions of article III of the Detainer[s] [Agreement] to apply a detainer must have been lodged against a prisoner who is serving a term of imprisonment in a party state or in a federal penal institution.").

¶ 39     While defendant filed on October 4, 2016, a motion for a final disposition, the Sangamon County Sheriff's Office did not issue a detainer until March 30, 2017. Because the detainer was not lodged before defendant filed his motion for final disposition, the motion for final disposition failed to start the 180-day clock under the Agreement. See *Hood*, 223 Ill. App. 3d at 159-60 ("A request for disposition by a prisoner against whom no detainer has been filed is insufficient."). Rather, the 180-day clock started on March 30, 2017, after the Sangamon County Sheriff's Office lodged the detainer against defendant. Five days later, on April 4, 2017, defendant pleaded guilty pursuant to a negotiated plea.

¶ 40     Further, to the extent defendant argued his October 4, 2016, motion for final disposition and his April 4, 2017, motion to dismiss qualified as detainers, we find that argument also lacks merit. On April 4, 2017, defendant filed a motion to dismiss, alleging a violation of the speedy-trial provision of the Agreement (730 ILCS 5/3-8-9(a)(III)(a) (West 2016)), where defendant was not brought to trial within 180 days of his October 4, 2016, motion for final disposition. As stated above, " '[A] detainer must be a formal notice initiated by a prosecuting or law enforcement agency within the member State where criminal charges are pending that the prisoner is wanted to face criminal charges and the notice must be filed with the institution in which the prisoner is serving a sentence.' " *Hood*, 223 Ill. App. 3d at 159-60. Neither defendant's October 4, 2016, motion for final disposition nor his April 4, 2017, motion to dismiss qualify as detainers where neither were formal notices filed by a prosecuting or law enforcement agency.

- 13 -

¶ 41   Moreover, defendant failed to substantially comply with the requirements of the Agreement. While defendant argues strict compliance with the Agreement is not required, we disagree. The Agreement specifically states the request for final disposition "shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." 730 ILCS 5/3-8-9(a)(III)(a) (West 2016). Based on the record, defendant's request for final disposition was not accompanied by the required certificate.

¶ 42   While the trial court declined to find defendant's October 4, 2016, motion for final disposition qualified as a detainer, the court addressed an "even if" argument. Specifically, the court determined, even if defendant's October 4, 2016, final disposition started the 180-day clock, defendant's claim failed.

¶ 43   Pursuant to the Statute on Statutes (5 ILCS 70/1.11 (West 2016)), because 180 days from October 4, 2016, fell on Sunday, April 2, 2017, that day was excluded from the time and the deadline moved to Monday, April 3, 2017. On April 3, 2017, by agreement of the parties the case was continued to the next day, April 4, 2017, tolling the 180-day deadline.

¶ 44   A defendant bears the burden of showing his right to a speedy trial has been violated. *People v. Patterson*, 392 Ill. App. 3d 461, 467, 912 N.E.2d 244, 250 (2009). Specifically, the burden includes a demonstration that he caused no delay, which must be affirmatively established by the record. *Id.* A defendant occasions a delay when he requests a continuance or agrees to a continuance. *Id.*

¶ 45          On April 4, 2017, defendant entered a negotiated plea.  Thus, because defendant agreed to continue his case beyond the 180 days, the trial court found defendant failed to show a violation of his right to a speedy trial.

¶ 46                              4. *Ineffective Assistance of Trial Counsel*

¶ 47          "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland*, 466 U.S. at 686.  Generally, to demonstrate ineffective assistance of counsel, defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688, 694.  If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail.  *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996).  "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

¶ 48          Here, defendant argues he received ineffective assistance of trial counsel where counsel allowed him to plead guilty before counsel obtained a ruling on defendant's motion to dismiss, alleging a violation of the Agreement speedy-trial provision.  On April 4, 2017, defendant filed a motion to dismiss arguing he was not brought to trial within 180 days of his October 4, 2016, request for final disposition as required under the Agreement.  The trial court did not hold a hearing on the motion to dismiss.  Instead, defendant entered a negotiated guilty plea.

¶ 49          OSAD argues because defendant's right to a speedy trial was not violated under the Agreement where defendant filed a motion for final disposition before a detainer, counsel's performance did not fall below an objective standard of reasonableness when counsel failed to

obtain a ruling on the motion to dismiss before defendant pleaded guilty. Moreover, defendant knowingly and voluntarily entered his guilty plea. Where no lawful basis existed to raise a speedy-trial violation under the Agreement, defendant fails to satisfy either prong of *Strickland*.

¶ 50 Based on the record, we agree with OSAD and the trial court that defendant's claims in his first amended postconviction petition lack merit.

¶ 51 B. Reasonable Assistance of Postconviction Counsel

¶ 52 OSAD also argues this case presents no meritorious issue for review where postconviction counsel provided reasonable assistance of counsel.

¶ 53 The right to counsel in postconviction proceedings is wholly statutory, and petitioners are only entitled to the level of assistance provided for in the Postconviction Act. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) (citing *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999)). "The [Postconviction] Act provides for a reasonable level of assistance." *Id.* (citing *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992)).

¶ 54 In order to assure a reasonable level of assistance, Rule 651(c) requires that postconviction counsel (1) consult with petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examine the record of the proceedings at the trial, and (3) make any amendments necessary to the *pro se* petition to adequately present petitioner's contentions. Our supreme court has consistently held remand is required when postconviction counsel fails to complete any one of the above duties, regardless of whether the claims raised in the petition have merit. *Suarez*, 224 Ill. 2d at 47. Additionally, "[f]ulfillment of the third obligation does not require counsel to advance frivolous or spurious

claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472; see also *People v. Greer*, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 519 (2004).

¶ 55        On June 8, 2018, appointed postconviction counsel filed a first amended postconviction petition and a certificate pursuant to Rule 651(c). "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976.

¶ 56        The record in this case shows postconviction counsel consulted with defendant, examined the record, and made any necessary amendments to defendant's *pro se* postconviction petition as necessary for adequate presentation of defendant's contentions. In the amended petition, counsel acknowledged the amended petition "incorporates the [a]ffidavit(s) and other evidence referenced herein[,]" but "[defendant] has not attached a copy of the record of the proceeding, as it is lengthy and cumbersome; however, these documents are contained in the court file." See *Coleman*, 183 Ill. 2d at 381 ("[A]llegations in the petition must be supported by the record in the case or by its accompanying affidavits.").

¶ 57        Further, postconviction counsel filed a response to the State's amended motion to dismiss, arguing the record did not positively rebut defendant's claims and his factual allegations must be taken as true. Thus, defendant never rebutted the presumption that counsel presented reasonable assistance.

¶ 58        Accordingly, we find counsel complied with Rule 651(c). Absent is any arguable merit to a claim postconviction counsel failed to provide reasonable assistance of counsel.

¶ 59                        III. CONCLUSION

¶ 60 For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's order granting the State's amended motion to dismiss defendant's first amended postconviction petition.

¶ 61 Affirmed.